LANDRY, Judge.
The Parish of East Baton Rouge (Appellant) appeals from summary judgment awarding Appellant $2,805.00, plus penalties and interest, representing sales and use taxes owed by defendants, Kosay Enterprises, Inc., (Kosay), and Kosay’s principal owners, Ernest Cosse, III, Lanna Cosse and Thelma Cosse, on ticket sales and concession receipts by defendants in the conduct of a musical jamboree. Thomas Keene, a joint venturer of Kosay is also defendant herein. Appellant seeks to increase the award to $4,500.00. We affirm.
On May 6, 1978, defendants conducted a live music outdoor concert at the Baton Rouge State Fairgrounds for which advance tickets were sold at $11.00 each and $14.00 was charged for tickets sold at the gate. Defendants concede that no sales tax returns were filed and no taxes paid prior to institution of suit by Appellant claiming $8,000.00 in sales taxes. The amount demanded was based on estimated crowd size made by Appellant’s field inspectors who attended the jamboree for that specific purpose.
Appellant brought this proceeding pursuant to La.R.S. 33:2841, et seq., to enforce its assessment, and the matter was initially scheduled for hearing on May 26, 1978. The case was reassigned to June 9, 1978, and again rescheduled for June 23, 1978. *180 Prior to hearing on the latter date, defendants tendered and paid Appellant $2,805.00 predicated on a sale of 7600 tickets allegedly sold for the occasion.
It is conceded that defendants filed no answer to Appellant’s demands prior to the hearing. The use of summary proceeding in a tax assessment and collection suit is authorized by La.R.S. 47:1574 which pertinently provides:
“(2) All defenses, whether by exception or to the merits, made or intended to be made to any such claim, must be presented at one time and filed in the court of original jurisdiction prior to the time fixed for the hearing, and no court shall consider any defense unless so presented and filed. This provision shall be construed to deny to any court the right to extend the time for pleading defenses; and no continuance shall be granted by any court to any defendant except for legal grounds set forth in the Louisiana Code of Practice.”
Attached to Appellant’s petition is an affidavit of Appellant’s Director of Finance which attests merely that the amount of $8,000.00 is due by Kosay; that the amount is delinquent; that Appellant has a lien on defendant’s property; that the affidavit is made for the purpose of enforcing collection; and, that amicable demand has been made without avail. The affidavit does not recite that the facts stated therein are true to the best of affiant’s knowledge and belief.
At the trial Appellant reduced its claim to $4,500.00. In proof of its case, Appellant produced witnesses who gave estimates of attendance based either on personal observation or information received from others. When defendants attempted to introduce evidence of a smaller attendance, Appellant objected to such evidence on the ground that it contravened Section 1574(2), above. The trial court overruled Appellant’s objection and allowed defendants to present a defense.
Appellant maintains the trial court erred in allowing defendants to present a defense despite defendants’ failure to timely file an answer and also erred in rejecting Appellant’s claim for $4,500.00. Appellant requests its award be increased to the amount claimed.
We find that the trial court erred in receiving evidence by which defendants sought to show the amount owed was less than the $4,500.00 claimed by Appellant. In St. John the Baptist P.S.B. v. Marbury-Pattillo C. Co., 259 La. 1133, 254 So.2d 607 (1971) our Supreme Court held clearly that if a defendant fails to timely file his defense in a summary proceeding pursuant to La.R.S. 47:1574, it is error for the trial court to consider any defense offered.
Notwithstanding the error, and rejecting all consideration of evidence offered by defendants, we must affirm the award because we find that evidence offered by Appellant supports the finding of the trial court that only 7600 tickets were sold for the jamboree and therefore only $2,805.00 is due by defendants.
Appellant called its Department of Finance accountant, George J. Maretta, who testified that he made the initial assessment of $8,000.00 based on attendance estimates of 15,000 given him by field agents who personally attended the jamboree. He also mentioned a conversation with defendant’s Chet Williams, Kosay’s Vice President, who informed him that only 7600 tickets were sold for the occasion; that all tickets were accounted for; that about 500 persons gained entrance without paying an admission charge; and that about 800 complimentary tickets had been issued.
Clifford Waters, a revenue inspector for Appellant’s Department of Finance, attended the jamboree and estimated the attendance at 15,000 persons based on the crowd and number of vehicles observed in the parking lot.
Carol Kloss, reporter for a local television station, was permitted to testify that she was told by defendants’ employees that between 13,000 and 15,000 people were in attendance.
Defendants Thomas Keene and Ernest Cosse were called on cross-examination by *181 Appellant. Both attested their belief that the paid attendance was only 7600 regardless of the size of the crowd in attendance.
La.R.S. 47:1574, governing use of summary proceedings in tax cases provides as follows:
“(4) Whenever the pleadings filed on behalf of the state, or on behalf of the collector, shall be accompanied by an affidavit of the collector or of one of his assistants or representatives or of the counsel or attorney filing the same, that the facts as alleged are true to the best of the affiant’s knowledge or belief, all of the facts alleged in said pleadings shall be accepted as prima facie true and as constituting a prima facie case, and the burden of proof to establish anything to the contrary shall rest wholly on the defendant or opposing party.”
As a general rule, tax laws are liberally interpreted in favor of the taxpayer and strictly construed against the levying authority. Any doubt or ambiguity in such statutes is resolved in favor of the taxpayer. Colonial Pipeline Company v. Mouton, 228 So.2d 718 (La.App. 1st Cir. 1969); Higgins, Inc. v. Walker, 129 So.2d 840 (La.App. 1st Cir. 1961).
Under the circumstances, Appellant was compelled to rely on proof of its claim and could not rest on its affidavit as prima facie proof of the amount demanded. This is so because the affidavit did not recite that the stated facts were true and correct to affiant’s knowledge and belief.
Based on the proof offered by Appellant, we find no manifest error in the trial court’s conclusion that the paid attendance was 7600 and the tax owed by defendants was $2,805.00. Factual findings of the trier of fact are entitled to great weight and are not to be disturbed on appeal except on a showing of manifest error. Canter v. Koehring Company, 283 So.2d 716 (La.1973).
The judgment is affirmed, Appellant being cast for all costs for which Appellant is legally liable.
Affirmed.