GAUDIN, Judge.
This tax collection proceeding originated in the 29th Judicial District Court. St. John the Baptist School Board, in accord with the provisions of LSA-R.S. 47:1574, filed suit against Planters Bancshares, Inc. for collection of past due and unpaid sales and use taxes.
Following a hearing, Planters Bancs-hares was ordered to pay $10,479.42 plus interest, penalties and attorney fees.
On appeal, Planters Bancshares contends that the trial court erred (1) in not considering Planters Bancshare’s exception and answer and (2) in rendering a judgment favorable to the school board although appellee did not sufficiently show that sales and use taxes were in fact due and unpaid. Planters Bancshares alleges in its brief that “... plaintiff did not prove its case as required by law.”
For reasons following, we do not agree with these contentions and we affirm the appealed-from decree.
Suit was filed on January 5, 1984, citing R.S. 47:1574 and stating that Planters Bancshares owed $18,845.41, plus interest, penalties and attorney fees.
The statute, which provides for the collection of taxes by summary proceedings, reads:
“In addition to any other procedure provided in this Sub-title or elsewhere in the laws of this state, and for the purpose of facilitating and expediting the determination and trial of all claims for taxes, penalties, interest, attorney fees, or other costs and charges arising under this Sub-title, there is hereby provided a summary proceeding for the hearing and determination of all claims by or on behalf of the state, or by on or behalf of the collector, for taxes, excises, and licenses and for the penalties, interest, attorney fees, costs or other charges due thereon, by preference in all courts, all as follows: “(1) All such proceedings, whether original or by intervention or third opposition, or otherwise, brought by or on behalf of the state, or by or on behalf of the collector, for the determination or collection of any tax, excise, license, interest, penalty, attorney fees, costs or other charge, *539 claimed to be due under any provision of this Sub-title, shall be summary and shall always be tried or heard by preference, in all courts, original and appellate, whether in or out of term time, and either in open court or chambers, at such time as may be fixed by the court, which shall be not less than two nor more than ten days after notice to the defendant or opposing party.
“(2) All defenses, whether by exception or to the merits, made or intended to be made to any such claim, must be presented at one time and filed in the court of original jurisdiction prior to the time fixed for the hearing, and no court shall consider any defense unless so presented and filed. This provision shall be construed to deny to any court the right to extend the time for pleading defenses; and no continuance shall be granted by any court to any defendant except for legal grounds set forth in the Louisiana Code of Practice.
“(3) That all matters involving any such claim shall be decided within forty-eight hours after submission, whether in term time or in vacation, and whether in the court of first instance or in an appellate court; and all judgments sustaining any such claim shall be rendered and signed the same day, and shall become final and executory on the fifth calendar day after rendition. No new trial, rehearing or devolutive appeal shall be allowed. Sus-pensive appeals may be granted, but must be perfected within five calendar days from the rendition of the judgment by giving of bond, with good and solvent security, in a sum double that of the total amount of the judgment, including costs. Such appeals, whether to a court of appeals or to the Supreme Court, shall be made returnable in not more than fifteen calendar days from the rendition of the judgment.
“(4) Whenever the pleadings filed on behalf of the state, or on behalf of the collector, shall be accompanied by an affidavit of the collector or of one of his assistants or representatives or of the counsel or attorney filing the same, that the facts as alleged are true to the best of the affiant’s knowledge or belief, all of the facts alleged in said pleadings shall be accepted as prima facie true and as constituting a prima facie case, and the burden of proof to establish anything to the contrary shall rest wholly on the defendant or opposing party.”
(Underlining provided.)
The district judge scheduled a hearing for February 3, and service was made on Planters Bancshares, through its registered agent, on January 27. On February 2, appellant filed a motion for continuance, saying (1) that service had not been made until January 30 and (2) that Planters Bancshares’ counsel and accountants had not had adequate time to prepare a defense.
The trial judge examined the record on February 3 and, finding no return of service, granted the motion for continuance and reset the hearing for February 24. Later, the return of service was placed in the record, indicating that service had been made on January 27 and not on the 30th.
At the hearing on February 24, the trial judge explained that he had granted the continuance only because the return of service was not in the record but that he had no authority, under the statute, to extend the deadline for pleading defenses if the February 3 hearing had been scheduled “... not less than two nor more than ten days after notice...” Accordingly, the trial judge did not consider either Planters Bancshares’ exception of improper venue or its answer, both of which had been filed on February 23.
Ironically, the trial judge had been involved in a previous proceeding under R.S. 47:1574, entitled St. John the Baptist School Board v. Marbury-Pattillo Construction Co. and reported at 239 So.2d 387 (La.App. 4th Cir.1970) and 259 La. 1133, 254 So.2d 607 (1971). It is apparent, from the statute itself and from the opinions of the Fourth Circuit and Supreme Court of Louisiana, that while the trial judge can postpone the hearing or trial, he *540 cannot allow additional time to file pleadings.
The Supreme Court stated:
“... all defenses must be filed prior to the time fixed for the hearing, and those not so filed are not to be considered by the court.”
The Supreme Court was referring to the original hearing date, not the second. In Marbury-Pattillo, as in the instant case, there were two hearing dates. In each instance, the first hearing date was set “... not less than two days nor more than ten days after service...”, while the second hearing date was several weeks later.
Thus, a defendant in a R.S. 47:1574 action must plead any and all defenses, whether by exception or to the merits of the claim, prior to the original hearing date, so long as that setting is not less than two days nor more than ten days after service. Then, if the defendant has “... legal grounds set forth in the Louisiana Code of Practice...”, the hearing or trial date shall be continued to an appropriate time. But the pleading requirement remains.
This procedure is harsh. We note, however, that the validity or constitutionality of the statute is not at issue and that no actual prejudice in the application of the statute is being claimed. As the Supreme Court pointed out in Marbury-Pattillo, the statute’s “... provisions are strict, but the language and intent are clear.”
At the trial on February 24, the school board offered the affidavit of its business manager and tax collector, as warranted by paragraph (4) of the statute, plus the testimony of two other auditors, including the one who had actually audited the records of Planters Bancshares’ rig No. 14, which had been used in St. John the Baptist Parish, while the defense consisted entirely of the cross-examination of petitioner’s auditors. The record fully supports the $10,479.42 judgment and the awards of $2,973.55 in interest, $2,619.86 in penalties and $1,607.28 in attorney fees.
Appellee asks that the award for attorney fees be increased, but we find the amount awarded sufficient to cover the trial in the district court and the appeal to this Court.
In every aspect, the judgment of the 29th Judicial District Court of February 27, 1984 is affirmed.
AFFIRMED.