BARRY, Judge.
Portal Boat Company appeals the dismissal of its suit for a refund of taxes paid under protest based on an exception of no right of action.
The Sheriff of St. Bernard Parish filed a rule against Portal Boat to collect sales and use taxes due from January 1, 1981 to February 28, 1982. Portal Boat responded with a petition to remove the matter to federal court. Notice of the removal action arrived after the state court made the rule absolute on March 1, 1985 under La.R.S. 47:1574. The federal court dismissed the petition on jurisdictional grounds, 781 F.2d 481 (5th Cir.1986).
On April 17, 1985 Portal Boat tendered a $228,903.00 check under protest. A Sheriff’s employee issued a receipt, but returned the check the same day with a letter stating the office had no authority to accept payment under protest after judgment. On April 18, Portal Boat filed a Notice of Payment of Tax under Protest and Lis Pendens (alleging that the check *987 had been returned to the Sheriffs Office) along with a suit for refund.[1]
The Sheriff caused a writ of fieri facias and notice of seizure to be issued and Portal Boat filed for a temporary restraining order and preliminary injunction. A temporary restraining order was granted and the Sheriff responded with a motion to remove the order and exceptions of prescription, no right of action and res judicata. Judgment was rendered dismissing Portal Boat’s suit and the Sheriffs exceptions of prescription and res judicata, but the exception of no right of action was maintained. The temporary restraining order was recalled and Portal Boat’s rule for a preliminary injunction and an application for a new trial were denied.
Portal Boat argues the trial court erred by not declaring the original judgment an absolute nullity, by maintaining the exception of no right of action and dismissing its suit, and by failing to enter a preliminary injunction.
The Sheriff filed the rule for taxes under La.R.S. 47:1561 and 47:1574 which authorize summary proceedings. All defenses whether by exception or on the merits must be presented at one time and filed prior to the time fixed for the hearings or they will not be considered. St. John the Baptist Parish School Board v. Planters Bancshares, Inc., 449 So.2d 538 (La.App. 5th Cir.1984), writ denied 450 So.2d 661 (La.1984).
La.R.S. 47:1574(2) and (3) provide that the court has no right to extend time for pleading defenses or to grant a continuance, and no new trial, rehearing or devolu-tive appeal is allowed. Suspensive appeals must be taken within five days. The obvious statutory intent is to finalize the matter without delay.
When the sheriff’s pleadings are accompanied by an affidavit of the collector, an assistant, or counsel filing the same, declaring that the facts as alleged are true to the best of the affiant’s knowledge, all the facts shall be accepted as prima facie true. The burden of proof then shifts to the defendant. La.R.S. 47:1574(4). See generally Parish of East Baton Rouge v. Kosay Enterprises, Inc., 368 So.2d 178 (La. App. 1st Cir.1979); Collector of Revenue v. Maison Blanche Corporation, 126 So.2d 704 (La.App. 4th Cir.1961).
Here the pleadings were accompanied by an affidavit of the sheriff’s counsel. Thus, the burden shifted to Portal Boat. In default of evidence by Portal Boat the prima facie case is conclusive. St. John the Baptist School Board v. Marbury-Pattillo Construction Company, 239 So.2d 387 (La.App. 4th Cir.1970), affirmed in part, amended in part 259 La. 1133, 254 So.2d 607 (1971); Fontenot v. Stinson, 84 So.2d 252 (La.App. 2d Cir.1955).
Portal Boat presented nothing to question the factual allegations. It did not file an exception relating to the inadequacy of the sheriff’s pleading or the lack of filing of the ordinances at issue.[2] It presented no defense and paid the taxes under protest only after the rule had been made absolute. Noting that all defenses must be filed prior to the time fixed for the hearing or they will not be considered, the Supreme Court has stated the provisions of La.R.S. 47:1574 are strict but the language and intent are clear. St. John the Baptist Parish School Board v. Marbury-Pattillo Construction Company, Inc., 259 La. 1133, 254 So.2d 607 (1971).
The trial court’s minute entry noted personal service on Portal Boat and no appearance on the date of the hearing. The judgment declares that “due proof” in support of the sheriff’s demands was produced pri- or to judgment. We find no basis, in law or equity, to upset that decision.
Whether Portal Boat has a right of action is the next issue. La.R.S. 47:1576 de *988 clares the taxpayer’s right to remit the amount due under protest and then file suit for a refund within thirty days. However, R.S. 47:1561 provides that a taxpayer is entitled to proceed except “(a) after he has filed a petition with the board of tax appeals for a redetermination of the assessment, or (b) when an assessment for the tax in question has become final or (c) when a suit involving the same tax obligation is pending against him....”
The rule for taxes may not be a “suit” as contemplated under La.R.S. 47:1561 and Portal Boat could have tendered payment under protest with the pending rule. St. Charles Parish School Board v. Louisiana Power and Light Company, 465 So.2d 93 (La.App. 5th Cir.1985), writ denied 466 So.2d 1302 (La.1985). However, it did not. Instead Portal Boat waited until the summary proceedings[3] concluded and the judgment became executory. See generally Flowers, Inc. v. Rausch, 354 So.2d 641 (La.App. 1st Cir.1977), affirmed 364 So.2d 928 (La.1978).
The trial court correctly noted in its reasons that Portal Boat had no right to pay taxes under protest after the assessment had been finalized and judgment obtained. Further, the check was returned to Portal Boat. Portal Boat had no right of action. As a particular plaintiff it could not invoke the remedy afforded by law and had no legal interest to sue. La.C.C.P. Art. 927. Favrot v. Favrot, 448 So.2d 187 (La. App. 1st Cir.1984); Henry v. State, through Department of Health and Human Resources, 435 So.2d 565 (La.App. 3rd Cir.1983), writ denied 441 So.2d 750 (La.1983). The sheriff's exception of no right of action was properly maintained.
Lastly, Portal Boat argues the trial court should have entered a preliminary injunction. La.R.S. 47:1575 provides: “No court of this state shall issue any process whatsoever to restrain the collection of any tax, penalty, interest, or other charge imposed in this Sub-title.”
It was error to grant the temporary restraining order. See Walton v. McNamara, 408 So.2d 1144 (La.App. 3rd Cir. 1981). The trial court corrected the mistake by recalling the temporary restraining order and denying the preliminary injunction.
The judgment is affirmed.
AFFIRMED.

. On April 29, 1985 Portal Boat filed a Motion to Pay Taxes into the Registry of the Court, but there is no order in the record.

. Since the amount of taxes is uncontested on appeal there is no reason to grant Sheriff Stephens’ Motion to Supplement the Record with the taxing statutes evidently noticed under La. R.S. 13:3712 by the trial court.

. One of the sheriffs remedies to enforce the collection of taxes under La.R.S. 47:1561 is a summary proceeding pursuant to R.S. 47:1574. McNamara v. Electrode Corporation, 418 So.2d 652 (La.App. 1st Cir.1982), writ denied 420 So.2d 986 (La.1982).