JOHN S. COVINGTON, Judge.
Plaintiffs suspensively appeal the district court judgment sustaining the peremptory exception raising the objection of res judi-cata.
The Louisiana Department of Revenue and Taxation (R & T) issued Glen D. Loe and Mavis R. Loe, husband and wife, residents of LaSalle Parish, a notice of final assessment on May 21, 1982, increasing their income tax liability by $53,938.51 for the calendar years 1972, 1973 and 1974. On June 2,1982, the Loes, represented by a retained law firm, appealed to the Louisiana Board of Tax Appeals, hereafter “BTA”, asking “for a complete redetermi-nation of Petitioners’ Income Taxes” for those three years. One of the firm members signing the petition for appeal represented the Loes at the BTA hearing held August 24, 1983. The Loes offered no evidence to refute the accuracy of the assessment, but instead acquiesced in the assessment and a stipulated judgment was rendered on the hearing date and subsequently, read and signed on September 28, 1983. The judgment was signed by the chairman of BTA and bears the approval signatures of counsel for all parties.
The next action taken was to tender the sum of $61,454.64 to R & T on April 9, 1984. Payment was accompanied by a hand delivered letter informing the Secretary of R & T that payment was “under protest” and that the Loes intended to file a suit in district court within thirty days to recover the amount paid. The Loes’ district court petition, filed by a different member of the retained law firm, was filed on May 7, 1984. On June 21, 1985, Shelby H. Loe, Sr., testamentary executor of the succession of Glen D. Loe, was substituted as a party plaintiff for Glen D. Loe who died January 21, 1985.
On June 8, 1984, R & T filed peremptory exceptions raising the objections of no cause of action “and/or res judicata”, attaching to the exceptions (1) a certified copy of the petition for appeal filed with BTA and a copy of the May 21, 1982 notice of assessment, (2) a certified copy of the BTA judgment, and (3) memorandum in support of the exceptions. On June 21, 1985, the exceptions were argued, submitted and taken under advisement by the court. On August 25, 1985, the trial judge assigned written reasons for judgment which were filed in the record. Written judgment, in accordance with those reasons, was signed on September 3, 1985, sustaining R & T’s exception raising the objection of res judicata, dismissing the Loes’ suit with prejudice, casting them for court costs and releasing the $61,454.64 from the escrow account “in the Treasury of the State of Louisiana.”
ASSIGNMENTS OF ERROR
Plaintiffs-appellants assign as error the trial court’s (1) holding that the cause of action was the same in the petition filed with the Board of Tax Appeals and the petition filed in the instant suit and in sustaining R & T’s peremptory exception raising the objection of res judicata, and (2) holding the Loes exhausted all remedies by petitioning the Board of Tax Appeals for relief and failing to appeal the Board’s consent judgment.
ISSUES
1. Is a taxpayer who appeals an assessment to the Board of Tax Appeals thereafter precluded from paying the tax under protest and suing for refund pursuant to La.R.S. 47:1576?
*300 2. Did the petition to the Board of Tax Appeals and the petition in the instant case assert identical causes of action?
PAYMENT UNDER PROTEST; SUIT FOR REFUND
The Loes argue in their appellate brief that “they have a constitutional right to proceed under La.R.S. 47:1576 regardless of the fact that they filed a petition with the Board of Tax Appeals.” They cite as authority for their assertion La. Const. of 1974, Art. VII, § 3 and argue further, in pertinent part, as follows:
Reading [La.R.S. 47:1561] as the Defendant would like violates the constitutional rights of a taxpayer who has first filed a petition with the Board of Tax Appeals.... That remedy [mandated by Art. VII, § 3] is provided for in La.R.S. 47:1576 and the fact that the legislature has chose (sic) to provide a second remedy for taxpayers, by appeal to the Board of Tax Appeals, should not preclude the taxpayer from exercising his constitutional right to pay the tax under protest and have the issue resolved by judicial determination rather than the decision of an administrative board.
... The limited judicial review of the decision of [the Board of Tax Appeals,] an administrative agency of the executive department does not provide the taxpayer with the “complete and adequate remedy” required by [Art. VII, § 3 of] the Constitution.
Plaintiffs should not be precluded from proceeding under La.R.S. 47:1576 when a petition has been filed with the Board of Tax Appeals and no appeal is taken. Any such limitation by La.R.S. 47:1561 renders it unconstitutional.
(Emphasis ours.)
Appellants’ brief also candidly states that in their suit for refund of taxes paid under protest they “admittedly have not raised a constitutional question,” yet they contend that “the issues raised [by the suit] due (sic) question the legality of the tax laws and the manner of their enforcement, rather than the computation of the assessment” and argue, “as an alternative contention only, plaintiffs ... have a constitutional right to litigate those issues which require more than a ‘redetermination of assessment’ within the jurisdiction of the Board of Tax Appeals” and they “have a right to proceed in district court under La. R.S. 47:1576.”
In Lemire v. New Orleans Public Service, Inc., 458 So.2d 1308 (La.1984), Justice Calogero observed that “[n]ow, in this Court, in brief, [plaintiff] asserts for the first time that ... La.R.S. 13:5105, ..., is unconstitutional.” The court declined to consider the assertion of unconstitutionality, reasoning as follows:
The constitutionality of a statute must first be questioned in the trial court, not the appellate court. (Citations omitted). The plea of unconstitutionality must be specially pleaded to be considered by the court. (Citation omitted). No assertion of unconstitutionality was pleaded prior to the brief filed in this court. Further, where the constitutionality of a statute is at issue, the Attorney General must be served and is an indispensable party. La.C.C.P. art. 1880. The Attorney General was not served nor was he made a party to this action. Accordingly, we do not reach the issue of the constitutionality of La.R.S. 13:5105.
458 So.2d at 1311.
Rule 1-3, Uniform Rules-Court of Appeal, provides that “Courts of Appeal will review only issues which were submitted to the trial court and which are contained in specifications of error_” For the foregoing reasons we will not consider the question of constitutionality of La.R.S. 47:1561.
Defendant R & T cites Collector of Revenue v. Olvey, 238 La. 980, 117 So.2d 563 (1959) for the proposition that La.R.S. 47:1561 is constitutional. The Olvey court held that La.R.S. 47:1561 through 1581 “being laws in pari materiae, are to be interpreted together” (117 So.2d at 567), and rejected the taxpayer’s assertion that La. R.S. 47:1561 “deprives the taxpayer of the equal protection of the laws in violation of the Fourteenth Amendment to the Federal *301 Constitution_” (117 So.2d 568-569). The Olvey decision remains intact some 27 years later.
In Portal Boat Co. v. Stephens, 485 So.2d 985 (La.App. 4th Cir.1986), writ denied, 488 So.2d 205 (La.1986), the court affirmed the district court judgment dismissing a taxpayer’s refund suit filed against the Sheriff of St. Bernard Parish after “the summary proceedings concluded and the judgment became executory” (485 So.2d at 988), observing, in pertinent part, that
La.R.S. 47:1576 declares the taxpayer’s right to remit the amount due under protest and then file suit for a refund within thirty days. However, R.S. 47:1561 provides that a taxpayer is entitled to proceed except “(a) after he has filed a petition with the board of tax appeals for a redetermination of the assessment, or (b) when an assessment for the tax in question has become final or (c) when a suit involving the same tax obligation is pending against him ...”
The trial court correctly noted in reasons that Portal Boat had no right to pay taxes under protest after the assessment had been finalized and judgment obtained.... Portal Boat had no right of action. As a particular plaintiff it could not invoke the remedy afforded by law and had no legal interest to sue. (citation omitted). The sheriff’s exception of no right of action was properly maintained.
485 So.2d at 988. (Parenthetical material, emphasis, and ellipsis supplied.)
In the instant case the district court overruled the exception raising the objection of no cause of action because “there are no allegations of the appeal of the Notice of Assessment to the Board of Tax Appeals on the face of the pleadings.” That ruling is based on an incorrect premise. R & T’s exceptions referred to the petition filed with the BTA and, as stated earlier, attached a certified copy of that petition to the exceptions. A certified copy of the consent judgment of BTA was also attached to the exceptions. However, the court further held that “plaintiffs have no right to pay their taxes under protest,” reasoning as follows:
Their argument that the Constitution mandates a full and complete remedy at law for recovery of any illegal taxes paid and that they have been deprived of such remedy is not meritorious in light of the fact that they chose to appeal to the Board of Tax Appeals instead of paying under protest and they chose not to appeal the Board of Tax Appeals decision to the district court.
We need not decide whether a tax payer may appeal a consent judgment rendered by the BTA to the district court as we find no appeal was taken.[1] Once the BTA judgment became final, the taxpayers’ obligation to pay the tax also became final. They had no right then to pay under protest and sue for a refund. In short, they had no right of action. We hold that a taxpayer who appeals to the BTA (La.R.S. 47:1431 through 1438) forfeits his right to pay the contested tax liability under protest and then sue to recover his payment. (La. R.S. 47:1576).
La.R.S. 47:1561 provides that “every taxpayer shall be entitled to proceed under R.S. 47:1576 except (a) after he has filed a *302 petition with the board of tax appeals for a redetermination of the assessment, or (b) when an assessment for the tax in question has become final_” (Emphasis ours). Both (a) and (b) quoted above are applicable in the instant case.
The administrative agency appeal, coupled with judicial review as a matter of right from an adverse decision of the BTA and the right to appeal an adverse decision of the district court to the appellate courts, completely satisfies the requirements of procedural due process. Rosewell v. LaSalle National Bank, 450 U.S. 503, 101 S.Ct. 1221, 67 L.Ed.2d 464 (1981). The statutory scheme providing payment under protest and suit for refund, with the reasonable limitations placed on the exercise of the right (La.R.S. 47:1576 and La.R.S. 47:1561), satisfy the requirements of La. Const. of 1974, Art. VII, § 3, and the Tax Injunction Act (28 U.S.C. § 1341) which mandates “a plain, speedy and efficient remedy in the courts of such State” as a bar to federal court jurisdiction to grant injunctive relief to a taxpayer. This same statutory scheme also satisfies the Equal Protection and Due Process clauses of the Fourteenth amendment of the United States Constitution. The second assignment of error is without merit.
AFFIRMED.

. It is doubtful that taxpayers were entitled to seek judicial review of the BTA judgment. The BTA "act[s] as an appeal board to hear and decide questions of law and fact arising from disputes between tax payers and the Collector [now the Secretary of the Department of Revenue and Taxation] in the enforcement of certain taxes.” Collector of Revenue v. Murphy Oil Co., 351 So.2d 1234, 1235 (La.App. 4th Cir.1977). “In this type of case, the Board acts as a trial court, ... If the Board has correctly applied the law and adhered to correct procedural standards, its judgment should be affirmed." 351 So.2d at 1236. (Emphasis supplied.) “An appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him.” La.C.C.P. art. 2085. See: Cowart v. Martin, 358 So.2d 652 (La.App. 1st Cir.1978); Hill v. Hill, 471 So.2d 1130, 1131 (La.App. 3d Cir.1985); and Collins v. Collins, 485 So.2d 956, 960-961 (La.App. 5th Cir.1986), writ denied, 488 So.2d 203 (La.1986).