DOWNING, J.
IgRodney J. Strain, Jr., Sheriff and Ex-Officio Tax Collector of St. Tammany Parish (Sheriff), appeals a judgment that granted Tony Crosby’s Furniture Gallery and Tony Crosby’s (Crosby’s) motion for involuntary dismissal, recognizing the Sheriffs failure to prove sufficient facts to establish jurisdiction over Crosby’s.
For the following reasons, we affirm the judgment.
PERTINENT FACTS AND PROCEDURAL HISTORY
Crosby’s sells furniture from a bricks and mortar store in Picayune, Mississippi. Crosby’s also maintains a website with driving directions from various locations, including St. Tammany Parish, Louisiana. From time to time, Crosby’s makes deliveries in its own trucks to its customers, including customers in St. Tammany Parish.
Sheriff Rodney J. Strain, Jr., in his capacity as ex-officio tax collector of St. Tammany Parish, sent a notice to Tony Crosby’s Furniture Store in November 2007 informing it of his intent to assess Crosby’s for tax purposes. After some correspondence, a hearing date was set for January 22, 2008. Crosby did not attend this hearing.
The Sheriff proceeded with the hearing. On February 7, 2008 he issued a final assessment and notice of assessment pursuant to La. R.S. 47:337.50(A) and La. R.S. 47:337.51, respectively, in the amount of $370,013.13. On April 6, 2008, after sixty days of inaction by Crosby, this amount became the Sheriffs final assessment in accordance with La. R.S. 47:337.51(A).
To enforce the final assessment, the Sheriff filed a Rule to Show Cause in the 22nd Judicial District Court. After a hearing on July 18, 2008, the trial court granted Crosby’s motion for involuntary dismissal, dismissing the plaintiffs rule with prejudice. The judgment signed on July 22, 2008, provides that the Sheriff “failed to present facts sufficient to prove Plaintiffs jurisdiction to assess the taxes 1 ^sought to be assessed and collected from defendants or the correctness of Plaintiffs February 7, 2008 Final Assessment.”
*1019 The Sheriff appeals, asserting the following assignments of error to this court:
1. The trial court erred by granting Tony Crosby’s motion for involuntary dismissal given its judicial admissions, contained in its Answer, that it delivered goods sold into Louisiana via delivery truck, advertises in St. Tammany Parish and maintains a web-site providing directions from various locations in St. Tammany Parish to its retail store in Mississippi.
2. The trial court erred by allowing Tony Crosby to collaterally attack the Sheriffs Final Assessment, which was perfected in accordance with the Uniform Tax Code, after all administrative and judicial appeal delays expired.
DISCUSSION
Louisiana Code of Civil Procedure article 1672(B) provides for a motion for involuntary dismissal of a plaintiffs action in the course of a bench trial:
In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.
The trial court’s grant of an involuntary dismissal is subject to the well-settled manifest error standard of review. Accordingly, in order to reverse the trial court’s grant of involuntary dismissal, we must find, after reviewing the record, that there is no factual basis for its finding or that the finding is clearly wrong or manifestly erroneous. The issue is not whether the trial court was right or wrong, but whether its conclusion was reasonable. Broussard v. Voorhies, 06-2306, p. 3-4 (La.App. 1 Cir. 9/19/07), 970 So.2d 1038, 1041-1042, writ denied, 07-2052 (La.12/14/07), 970 So.2d 535.
Here, the trial court concluded that the Sheriff did not present facts sufficient to prove plaintiffs jurisdiction to assess the taxes against Crosby’s. Therefore, the |4narrow issue we consider is whether the trial court erred in finding that the Sheriff failed to present sufficient facts to establish taxing jurisdiction over Crosby’s is reasonable.
Louisiana Revised Statute 47:337.61(4) states that when an affidavit accompanies a pleading on behalf of a taxing authority, the affiant must allege the facts as true to the best of his or her knowledge. Section (4) of this statute reads:
Whenever the pleadings filed on behalf of the taxing authority, or on behalf of the collector, shall be accompanied by an affidavit of the collector or of one of his assistants or representatives or of the counsel or attorney filing the same, that the facts as alleged are true to the best of the affiant’s knowledge or belief, all of the facts alleged in said pleadings shall be accepted as prima facie true and as constituting a prima facie case, and the burden of proof to establish anything to the contrary shall rest wholly on the defendant or opposing party.
Effectively, in order for a collector’s affidavit to establish a prima facie case and shift the bui’den of proof to the opposing party, the affiant must allege that all of the facts concerning the pleadings are “true to the best of the affiant’s knowledge or belief.” *1020 Id. Without this personal attestation by the affiant, the taxing authority neither meets nor shifts its burden of proof. Parish of East Baton Rouge v. Kosay Enterprises, Inc., 368 So.2d 178, 181 (La.App. 1 Cir.1979).
In this case, an affidavit was submitted by the account manager for the Sheriffs attorney. She alleged that the taxes allegedly due by Crosby’s were the Sheriffs “best estimation” and that the tax estimates contained in the Sheriffs pleading were “based on a Final Assessment of all taxes, after due notice and hearing” by the Sheriff.
The affidavit, however, failed to contain the language necessary under La. R.S. 47:337.61(4), stating that the pleadings are “true to the best of the affiant’s knowledge or belief.” Accordingly, the Sheriff failed to set forth the requisite facts sufficient to shift the burden of proof to Crosby’s. Ko-say Enterprises, Inc., 368 So.2d at 181. And the Sheriff failed to present any other evidence. The trial court, | .therefore, reasonably concluded that the Sheriff did not present sufficient facts to establish authority to tax Crosby’s.
DECREE
For these reasons, the trial court was reasonable and did not err in concluding that the Sheriff failed to present facts sufficient to assert taxing authority over Crosby’s. We affirm the trial court’s judgment. Costs of this appeal in the amount of $554.95 are assessed against Rodney J. Strain, Jr., Sheriff and Ex-Officio Tax Collector of St. Tammany Parish.
AFFIRMED.
WHIPPLE, J. concurs for reasons assigned.