HIGGINBOTHAM, J.
LEarl Sonner Eichin, Jr. appeals a judgment of the trial court that rejected his claims for reimbursements against his former wife, Anne Strachan, based on a matrimonial agreement that established a separation of property regime.
FACTS AND PROCEDURAL HISTORY
Earl and Anne were married on April 11, 2004, in Las Vegas, Nevada. A few days prior to their marriage, the parties executed a marriage contract renouncing the legal regime of a community of acquets and gains in favor of a separate property regime (the marriage contract).
During the marriage, Anne and Earl resided primarily in Anne’s separate property home in St. Francisville, Louisiana. On October 5, 2014, the parties separated, and thereafter, Anne filed a petition for divorce.[1] Earl answered the petition and *63 attached a memorandum and list of expenses he alleged were reimbursable under the marriage contract. In response, Anne filed a memorandum contending that the marriage contract and its establishment of a separate property regime effectively precluded reimbursement for the expenses sought by Earl.
On April 29, 2015, a judgment of divorce was rendered. After the final judgment of divorce was signed, Earl filed a “Rule to Show Cause Why Expenses are not Reimbursable under Terms of Marriage Contract.” Earl’s rule came before the court in a two-day trial held on May 28 and 29, 2015. On the second day of trial at the conclusion of Earl’s presentation of his evidence, Anne’s attorney moved for a judgment of involuntary dismissal. The trial court granted the motion for and dismissed Earl’s rule.
The trial court signed a judgment in conformity with its ruling on June 8, 2015, stating:
| jj[T]he court finding the evidence establishes that under the terms of the marriage contract, all of the delineated expenses for which reimbursement were sought, are specifically excluded under the terms of the Marriage Contract entered into by the parties, either by (a) being improvements to the separate property of the other party for which reimbursement is specifically excluded under provision number four of the Marriage Contract; or by (b) being expenditures as provided for under paragraph six of the Marriage Contract for which reimbursement would otherwise be due “except as-the Appearers may otherwise agree,” the Court finding that the parties did in fact “otherwise agree”.
It is from this judgment that Earl appeals, contending that the trial court erred in granting Anne’s motion for involuntary dismissal and in its interpretation of the contract. Specifically, Earl contends that the trial court erred in determining that the expenses for which he sought reimbursement “are specifically excluded under the terms of the- Marriage Contract” by concluding that the expenses were either “improvements” or “increases” to Anne’s separate property under paragraph four ,of the marriage contract, or were expenses about which the parties “otherwise agree[d]” under, paragraph six of the marriage contract.
LAW AND ANALYSIS
Louisiana Code of Civil Procedure article 1672(B) provides for a motion for involuntary -dismissal of a plaintiffs action in the course of a bench trial:
In an action tried by the court without a jury, after the' plaintiff has completed the presentation- of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to-relief. - The court may then determine 'the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.
The trial court’s grant of an' involuntary dismissal is subject to the well-settled manifest error standard of review. Strain v. Tony Crosby’s Furniture Gallery, 2008-1807 (La.App. 1st Cir.3/27/09), 9 So.3d 1017, 1019. Accordingly, in order to reverse the trial court’s grant of involun *64 tary dismissal, we must find, after reviewing the record, that there is no factual basis for its finding or that the finding |4is clearly wrong or manifestly erroneous. See Stobart v. State, through Dep’t of Transp. and Dev., 617 So.2d 880, 882 (La.1993). The issue is not whether the trial court was right or wrong, but whether its conclusion was reasonable. Id.
A trial court’s findings as to whether reimbursement claims have been sufficiently established are also reviewable under the manifest error standard. The burden of proof is on the party claiming reimbursement. Charles v. Charles, 2005-0129 (La.App. 1st Cir.2/10/06), 923 So.2d 786, 789.
Contracts have the effect of law between the parties, and parties are obliged to perform contractual obligations in good faith. See La. Civ.Code art.1983. Under Louisiana law, where the words of a contract are clear and unambiguous, interpretation of the contract is a question of law and subject to the de novo standard of review on appeal. Guest House of Slidell v. Hills, 2010-1949 (La.App. 1st Cir.8/17/11), 76 So.3d 497, 499. Where factual findings are pertinent to the interpretation of a contract, those factual findings are not to be disturbed absent manifest error. Id.
In this case, the relevant provisions of the marriage contract which the trial court considered are paragraph four and paragraph six, which state:
4 — Any increase or improvement of the separate property of either of the Ap-pearers, arising or made during the marriage between the Appearers through the result of the common labor, expense, or industry of the Appearers, shall not create any right to a reward of that Appearer, or the legal representatives of that Appearer, to whom the property which has been increased or improved does not belong.
6 — Except as the Appearers may otherwise agree on isolated occasions, each of the Appearers shall pay (i) all insurance premiums, ad valorem taxes, utilities, repairs, maintenance, and operating expenses, and any other expenses relating to the immovable property, automobiles, and other movable property owned from time to time by him or her, (ii) all dues ... relating to clubs to which he or she belongs ... (iii) all premiums for medical, dental, long term care ... as well as all medical ... and (iv) the purchase price of all items of clothing.... All other expenses incurred by either or both of the Appearers shall be paid in the manner in which Appearers shall, from time to time, agree. (Emphasis added.)
|BIn his rule, Earl sought reimbursement for expenses that he contends he paid with his separate funds for the St. Francisville home,[2] which under paragraph six of the marriage contract, he contends Anne was responsible for. Specifically, he .pointed out that absent an agreement otherwise, paragraph six requires that Anne “shall pay” insurance premiums, taxes, utilities, repairs, maintenance, and operating expenses related to her separate property home. Earl’s burden of proof for his reimbursements is two-fold. Earl must prove that he expended the money for which he claims reimbursement, and that he was entitled to reimbursement in light of the marriage contract.
*65 The evidence introduced by Earl during his case in chief supporting his reimbursement claims was limited to: a list of claimed reimbursable expenses, his own brief testimony stating that he paid the listed expenses, and several of his personal bank and credit card statements with certain items highlighted. The bank statements Earl introduced had transactions highlighted, including payments to Plantation Feed & Supply, Pat’s Hardware, The Home Depot, Ins-N-Outs Nurseries, and AT <& T, and attached to each statement were handwritten numbers of what he believed he was due, without any explanation as to what the numbers represented. Earl failed to provide any link to establish that these listed expenses were used for the St. Francisville home, or for any of Anne’s separate property. The record contained no bills or receipts authenticating the expenses, nor did Earl testify regarding how these expenses were related to the St. Francisville home. He simply stated that he was making an “educated guess” that the highlighted payments were used for the St. Francisville home.
During cross-examination, Earl testified that he voluntarily paid certain bills like electricity, water, and gas through automatic bank draft and did not seek | ¡^reimbursement from Anne. He testified that he did so because he never expected to get divorced. However, Earl acknowledged that in some instances he did seek reimbursement from Anne fbr certain expenses he paid, including home owners insurance, items purchased for the home, and labor for persons doing work at the home.. In each of those instances, Anne paid him back.
Anne agreed that Earl paid household bills for the St. Francisville home, but she testified that Earl “volunteered tó pay them. He willingly paid them. He said it was his husbandly duty.” Throughout the marriage, both parties deviated from the contract regarding payments listed in paragraph six of the marriage contract, including Anne’s payment of medical bills incurred by Earl. .
The trial court noted that Earl paid some expenses designated in paragraph six to be paid by Anne, but concluded that he did so voluntarily, and never requested that he be repaid for those payments. For that reason, the trial court determined that the parties “otherwise agree[d]” to deviate from the general rule of paragraph six in the marriage contract. Specifically, the trial court found that “it [was] clear from the testimony that the parties agreed oth-erwisé to deviate from the marriage contract when [Earl] paid these expenses ... [consequently he is not due any reimbursement for those expenses.”
Additionally, Earl argues that paragraph four of the marriage contract, addressing- increasés and improvement to Anne’s separate property, does not waive Earl’s claim for reimbursement of his separate funds that were used to pay the expenses covered under paragraph six of the marriage contract including repairs, maintenance, and any other expenses relating to the immovable property.
Earl’s list of expenses for which he is claiming reimbursement, including a pergola he built at the home, paint, items for flower beds, labor and materials for the installation of shutters, parterre posts, gates, and kitchen cabinet doors. Again, these items were merely listed in his reimbursement claims, but no evidence was provided 17to link the money Earl contends he spent with the reimbursements he sought. The trial court concluded that the language of paragraph four of the marriage contract was very clear that any increase or improvement of the separate property of either party did not create a right of reimbursement in his or her favor.
*66 In favor of his position, Earl, cites Birch v. Birch, in which'the second circuit held that a provision similar to-paragraph four did not express a general waiver of all reimbursement claims. However, in that case, the marriage contract contained other narrowly tailored waivers for certain items. Considering these narrow waivers, the court considered tahe similar provision also as a narrow waiver, only applying to expenses allowed by La. Civ.Code art. 2368,[3] and not a general waiver of all reimbursement claims. Birch v. Birch, 45,702 (La.App. 2nd Cir.11/3/10), 55 So.3d 796, writ denied, 10-2670 (La.1/28/11), 56 So.3d 959. While we acknowledge, the court’s decision in Birch, we find it was limited to the specific facts of that case.
Additionally we are not bound by the decision of another circuit, but by the decisions- of this court. This court’s precedent held that a contract provision virtual^ ly identical to paragraph four effected a waiver of the spouse’s right of reimbursement. Barber v. Barber, 2009-0780 (La.App. 1st Cir.5/7/10), 38 So.3d 1046, 1051.
After thorough review of the record, we find no manifest error in 'the trial court’s decision to-' grant Anne’s motion for involuntary dismissal. Earl did not produce satisfactory evidence to show that he used his separate funds for Anne’s separate property, and the limited evidence introduced was for items not reimbursable under the clear language of the marriage contract, Earl had the burden of proving that' he .used his separate funds to pay expenses towards Anne’s separate property, and that the expenses he paid were reimbursable under the contract. [ sConsidering the limited evidence presented by Earl-in favor of his reimbursement claims and the clear language of the marriage contract, we conclude' that the trial court was not manifestly erroneous in determining that he did not meet that burden.
CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of the appeal are assessed to appellant, Earl Eichin, Jr.
AFFIRMED.
CRAIN, J., concurs.

. Anne filed multiple petitions for divorce because of difficulties serving Earl, but he was *63 ultimately served with a petition for divorce filed on February 26, 2015, through a court appointed curator.

. In his list of reimbursements, Earl also sought reimbursement for funds used on a home in North Carolina, but the trial was limited to expenses for the St. Francisville home.

. Louisiana Civil Code article 2368 provides "If the separate property of a spouse has increased in valúe as a result of the uncom■pensated common labor or industry of the spouses, the other spouse is entitled to be reimbursed from the spouse whose property has increased in value one-half of the increase attributed to the common labor."