STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 CA 1057

WILLIE ZANDERS

VERSUS

SHELVEY DAVIS, BIANCA WESLEY-DAVIS, ROBERT DAVIS AND
CRYSTAL DAVIS

Judgment Rendered: __FEB 2 1 2020__

********

Appealed from the 18th Judicial District Court
In and for the Parish of Iberville
State of Louisiana
Suit No. 76,850

The Honorable Alvin Batiste, Jr., Judge Presiding

********

| | |
|---|---|
| Sharah Harris-Wallace<br>Plaquemine, LA | Counsel for Plaintiff/Appellant<br>Willie Zanders |
| Allen J. Myles<br>Plaquemine, LA | Counsel for Defendant/Appellee<br>Shelvey Davis |

********

BEFORE: HIGGINBOTHAM, PENZATO, AND LANIER, JJ.

*TMH Higginbotham, J. Concurs in the result.*

*alp Penzato, J., concurs)*

**LANIER, J.**

In this suit on a promissory note, the plaintiff/appellant, Willie Zanders, appeals a judgment of the Eighteenth Judicial District Court awarding him the sum of $12,055.00, plus attorney fees in the amount of 25% of the principal, interest, and all court costs. For the following reasons, we affirm in part and reverse and vacate in part.

## FACTS AND PROCEDURAL HISTORY

On April 26, 2017, Mr. Zanders filed a suit on promissory notes against the defendants, Shelvey Davis (Shelvey), Bianca Wesley-Davis (Bianca), Robert Davis (Robert), and Crystal Davis (Crystal). Therein, Mr. Zanders alleged that the defendants were indebted to him in the total sum of $13,450.00, together with 12% interest thereon from April 7, 2017, until paid, costs of the suit, and attorney fees in the amount 33 1/3% of the principal and interest. More specifically, Mr. Zanders alleged that he was the holder of several promissory notes—one in the principal amount of $12,055.00 and the other in the principal amount of $2,000.00— executed by the defendants on March 20, 2017, March 21, 2017, and March 23, 2017 respectively, which were made payable to Mr. Zanders, with 12% per annum interest thereon from maturity until paid in full.

Mr. Zanders also alleged that no amounts had been paid on the note or since the first payment on the note became due on April 7, 2017. Mr. Zanders further alleged that the note provided that in the event it was necessary to employ an attorney to enforce collection, the maker agreed to pay attorney fees in the amount of "33% [sic] of the amount due which includes principal and interest." Attached to Mr. Zanders's petition was a promissory note executed by Shelvey on March 21, 2017, in the principal amount of $2,000.00, a promissory note executed by Shelvey on March 21, 2017, in the principal amount of $12,055.00, as well as bail bond

2

indemnitor's promises executed by Shelvey, Robert, and Bianca on March 20, 2017, and by Shelvey on March 23, 2017.[1]

On May 9, 2017, an answer was filed by all the defendants generally denying the allegations of the petition. A trial was subsequently held on March 20, 2018, which consisted of testimony by Mr. Zanders. The trial court signed a judgment, which entered a preliminary default against Crystal and dismissed Mr. Zanders's claims against Robert, Bianca, and Crystal since the note was signed only by Shelvey.[2] It is from this judgment that Mr. Zanders appeals.

## ASSIGNMENTS OF ERROR

Mr. Zanders assigns three errors by the trial court:

1. The trial court erred in not finding Robert and Bianca liable *in solido* with Shelvey for $12,055.00 plus attorney fees in the amount of 25% of the principal, interest, and all court costs connected with the proceedings.[3]

2. The trial court erred in dismissing the claim against Crystal on the same day he granted a preliminary default against her.

3. The trial court erred in finding that Shelvey was liable for attorney fees in the amount of 25% of the principal, plus interest and all court costs connected with the proceedings when the court found that liability was only due in connection with the original promissory note since Shelvey had also signed a bail bond indemnitor's promise/promissory note which entitled the petitioner/claimant to the award of attorney fees in the amount of 33 1/3% of the principal, interest, and all court costs connected with the proceedings since the bail bond indemnitor's promise/promissory note was signed by all three indemnitors.[4]

---

[1] Mr. Zanders's petition does not have attached thereto (nor does the record contain) any document executed by Crystal. Based on a review of Mr. Zanders's appellate brief, he claims that Crystal, who is Robert's spouse, is liable for the sum owed pursuant to the laws of community property and the indemnitor's promise that Robert signed, which Mr. Zanders maintains is a community obligation.

[2] The instant case was first appealed on June 14, 2018. On December 21, 2018, this court dismissed the appeal for lack of appellate jurisdiction. See *Zanders v. Davis*, 2018-0963 (La. App. 1 Cir. 12/21/18), 2018 WL 6718625, *2 (unpublished). As a result, the trial court issued a new judgment, signed May 22, 2019, clarifying the exact amount of attorney fees at issue and designating the interest as contractual. It is from that amended judgment that the instant appeal follows.

[3] Mr. Zanders testified at trial that he was not seeking payment of the promissory note in the principal amount of $2,000.00, and it is not at issue in the instant appeal.

[4] Mr. Zanders concedes that his attorney verbally agreed in open court to accept 25% in attorney fees instead of 33 1/3%.

# DISCUSSION

Mr. Zanders's first and third assignments of error deal with the reading or interpretation of the promissory note at issue in the instant case. Contracts have the effect of law between the parties, and parties are obliged to perform contractual obligations in good faith. La. C.C. art. 1983; *Strachin v. Eichin*, 2015-1431 (La. App. 1 Cir. 4/15/16), 195 So.3d 61, 64. Under Louisiana law, where the words of a contract are clear and unambiguous, interpretation of the contract is a question of law and subject to the *de novo* standard of review on appeal. *Id.*

At trial, the entire record was submitted into evidence. Included in the record is the promissory note in the principal amount of $12,055.00. The note reads, in pertinent part:

> PROMISE TO PAY
> We/I Shelvey Davis for value received, promise to pay to Willie Zanders or any future holder of this note... and his heirs and assigns, the sum of twelve thousand fifty-five ($), together with interest at the rate of 12% per year from the date of this note until paid in full.
>
> PAYMENT
> We will pay this loan in 30 equal installments of $480.00 beginning on the 7 day of April, 2017 and on every other Friday thereafter until satisfied.
> ...
> ATTORNEY'S FEES
> If Lender refers this Note to an attorney for collection, or files suit against me to collect this Note, or if I file for bankruptcy or other relief from creditors, I agree to pay Lender's attorney's fees in the amount of Twenty Five Percent 25.00% of the principal and interest owed.

At the signature line for "Borrowers/Makers" appears the signature "Shelvey Davis" only.

Included in the record are bail bond indemnitor's promises, one signed by Robert, another signed by Bianca, and another signed by Shelvey. The language of these promises indicates that in consideration of posting a bail bond on behalf of

4

Shelvey Davis, the indemnitor agreed to hold the surety and its agents harmless from loss should the defendant (Shelvey) fail to appear in court as ordered, and the indemnitor agreed to pay all costs associated with such failure to appear, should it occur.

At the bottom of each indemnitor's promise is a promissory note in the principal amount of $100,000.00, each signed by Robert, Bianca, and Shelvey, respectively. By signing these promissory notes, Robert, Bianca, and Shelvey each agreed to pay the bearer $100,000.00, with 12% interest after demand. Each promissory note also contains the following provision: "A married person signing this note is acting for and on behalf of the community of acquets and gains existing between him/her and his/her husband/wife and also binds him/her with respect to his/her separate and paraphernal property." Mr. Zanders testified that Shelvey and Bianca are married to each other, and has averred in his brief that Robert and Crystal are married to each other. Both the indemnitor's promise and its promissory note contain clauses setting attorney fees at 33 1/3% of the amount due.

After our review of the entire record, we agree with the trial court that the promissory note in the principal amount of $12,055.00 was signed by Shelvey only. A signature is not a mere ornament. *Sonnier v. Boudreaux*, 95-2127 (La. App. 1 Cir. 5/10/96), 673 So.2d 713, 717. When the language of the note is clear and unambiguous, as in the instant case, a person's signature guarantees his obligation to pay. See *Veterans Commercial Properties, LLC v. Barry's Flooring, Inc.*, 2011-0006 (La. App. 5 Cir. 5/24/11), 67 So.3d 627, 631. The presence of Shelvey's signature on the promissory note in the principal amount of $12,055.00 and the absence of signatures of the other defendants obligates Shelvey only to pay the principal amount of $12,055.00.

The indemnitor's promises and the promissory notes in the principal amount of $100,000.00, each of which were signed by Shelvey, Robert, and Bianca, are completely separate contracts that have no bearing on the promissory note in the principal amount of $12,055.00. Since Crystal's signature does not appear on any of these documents, she clearly is not solidarily obligated to pay the amount of $12,055.00 on the note. Since we find Robert is not solidarily obligated to pay the amount of $12,055.00, it is unnecessary to address whether Crystal, as his spouse, would be so obligated. Mr. Zanders's first assignment of error is without merit.

Likewise, we agree with the trial court that attorney fees are owed only by Shelvey in the amount of 25% of the principal amount of $12,055.00 and interest owed. As stated above, Shelvey is the sole obligor for the promissory note in the principal amount of $12,055.00, so attorney fees are calculated according to the language of that note. Mr. Zanders's third assignment of error is without merit.

In reading Mr. Zanders's second assignment of error, it is not clear whether he is claiming the trial court made a procedural error or a merits-based error in dismissing Crystal. If Mr. Zanders's complaint is that Crystal was dismissed without the court following the required delay period of La. C.C.P. art. 1702 after taking the preliminary default, then the alleged error of the trial court is procedural. If Mr. Zanders's complaint is that the trial court erred in dismissing Crystal because she had no solidary obligation to pay the note's principal amount of $12,055.00, then the alleged error of the trial court is based on the merits. We shall address both interpretations of the second assignment of error.

It is undisputed that Crystal failed to appear at trial, at which time Mr. Zanders moved for a default judgment against Crystal. In response, counsel for the defendants stated he did not represent Crystal. Mr. Zanders then claimed that Crystal was listed as a defendant "from day one," but had failed to answer or appear. After verifying that service had been made on Crystal on May 1, 2017, the

6

trial court entered a preliminary default against her. Shortly afterward, the trial court orally dismissed Robert, Bianca, and Crystal from the case. The record does not contain a confirmation of default against Crystal, nor does it indicate that one was ever issued by the trial court.

In reviewing default judgments, the appellate court is restricted to determining the sufficiency of the evidence offered in support of the judgment. This determination is a factual one governed by the manifest error standard of review. *Arias v. Stolthaven New Orleans, L.L.C.*, 2008-1111 (La. 5/5/09), 9 So.3d 815, 818.

Louisiana Code of Civil Procedure article 1702(A) provides:

A preliminary default must be confirmed by proof of the demand that is sufficient to establish a prima facie case and that is admitted on the record prior to the entry of a final default judgment. The court may permit documentary evidence to be filed in the record in any electronically stored format authorized by the local rules of the district court or approved by the clerk of the district court for receipt of evidence. If no answer or other pleading is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the preliminary default. When a preliminary default has been entered against a party that is in default after having made an appearance of record in the case, notice of the date of the entry of the preliminary default must be sent by certified mail by the party obtaining the preliminary default to counsel of record for the party in default, or if there is no counsel of record, to the party in default, at least seven days, exclusive of holidays, before confirmation of the preliminary default.[5]

Strict compliance with the procedural requirements of La. C.C.P. art. 1702(A) is required in order to obtain a valid confirmation of a preliminary default. If a preliminary default is confirmed against a party who has made an appearance of record prior to the expiration of this statutory delay, the confirmation of the default is premature, and the default judgment is invalid. *Wolfe v. Leland*, 2015-1556 (La. App. 1 Cir. 4/15/16), 193 So.3d 236, 238.

---

[5] Amended by 2017 La. Acts, No. 419, § 1, effective August 1, 2017.

In the instant case, the entire record was submitted into evidence. After reviewing the record, we disagree with the trial court and Mr. Zanders that Crystal has not answered or appeared in the instant case. The name "Crystal Davis" clearly appears in the defendants' answer, but the answer was not signed by their attorney. If a pleading is not signed, it shall be stricken unless promptly signed after the omission is called to the attention of the pleader. La. C.C.P. art. 863(C). The answer in the instant case was never subsequently signed after its filing.

We note that no motion to strike the answer was ever initiated in this matter by either the trial court or a party, and we note further that the courts of this state have not imposed a penalty for failing to sign a pleading, particularly when there is no prejudice to the opposing party. See Martin v. Decker, 2007-1838 (La. App. 1 Cir. 3/26/08), 985 So.2d 752, 757, writ denied, 2008-1405 (La. 10/3/08), 992 So.2d 1014. Furthermore, pursuant to La. C.C.P. art. 863(E), any penalty shall be imposed only after a hearing at which any party or counsel may present evidence in relation to a possible sanction. No such hearing occurred in the instant case. See Cavin v. Harris Chevrolet, Inc., 95-1878 (La. App. 1 Cir. 5/10/96), 673 So.2d 654, 658. Mr. Zanders effectively waived his right to strike the answer, and we find no error in the trial court's failure to strike the answer on its own motion.

Since Crystal has answered Mr. Zanders's suit on the promissory notes, she has made a valid appearance of record. It was therefore manifestly erroneous for the trial court to issue a preliminary default judgment against Crystal. Because of this procedural error, the preliminary default in the trial court's judgment is invalid and must be vacated.

From a merits standpoint, Crystal was correctly dismissed from the instant case because, as we have stated above, her signature does not appear on the promissory note in the principal amount of $12,055.00, nor does it appear on any other document in the entire record. For the same reasons, Robert and Bianca were

8

dismissed from the instant case, Crystal should also be dismissed. Whether by procedure or by the merits of the instant case, Mr. Zanders's second assignment of error is without merit.

## DECREE

The portion of the Eighteenth Judicial District Court's judgment entering a preliminary default judgment against the defendant/appellee, Crystal Davis, is reversed and vacated. In all other respects, the judgment is affirmed. Costs of this appeal are assessed to the plaintiff/appellant, Willie Zanders.

**REVERSED AND VACATED IN PART, AFFIRMED IN PART.**