McCALEB, Justice.
 

 
 *985
 
 Tliis is one of several rules instituted under the provisions of R.S. 47:1574
 
 [1]
 
 by the Collector of Revenue against John W. Olvey, Sr., and members of his family, to collect income taxes due the State for the year 1954. The respondents to this rule, and the parties defendant in the companion cases, had filed income tax returns for the year in question in which they had reported capital gains derived from the sale of certain stock of the Marine Oil Company, their 1954 taxes being computed and paid on the amount of these gains, as estimated by them. Subsequently, the Department of Revenue made an audit and “determined” that the amounts reported by respondents did not reflect the true gain derived from the disposal of the stock. The matter of this deficiency was then discussed with respondents but, when it appeared that the parties were unable to agree on a value basis for the stock, the attorney for the Department sent a letter to John W. Olvey, Sr. informing him that “the total amount due” in the matter of “our file No. 339” was $17,172.68.
 
 [2]
 
 In this letter Mr. Olvey was requested to declare whether he would prefer to pay the amount owed under protest and sue for recovery thereof under the provisions of R.S. 47:1576
 
 [3]
 
 or have the Collector of Revenue bring a summary proceeding against him under R.S. 47:1574.
 

 Mr. Olvey’s attorney, in reply to this letter, stated that he would prefer to take the matter to the Board of Tax Appeals and suggested that a notice of assessment be served on his client. The Collector refused to accede to this request taking the position that he was entitled to file the instant rule for collection of the tax under authority of R.S. 47:1561, which reads as follows:
 

 “§ 1561. Alternative remedies for the collection of taxes.
 

 “In addition to following any of the special remedies provided in the various Chapters of this Sub-title, the collector may, within his discretion, proceed to enforce the collection of any taxes due under this Sub-title, by means of any of the following alternative remedies or procedures:
 

 “(1) Assessment and distraint, as provided in R.S. 47:1562 through 47:-1573.
 

 “(2) Summary court proceeding, as provided in R.S. 47:1574.
 

 
 *987
 
 “(3) Ordinary suit under the provisions of the general laws regulating actions for the enforcement of obligations.
 

 “The collector may choose which of these procedures he will pursue in each case, and the counter-remedies and delays to which the taxpayer will be entitled will be only those which are not inconsistent with the proceeding initiated by the collector; provided that in every case the taxpayer shall be entitled to proceed under R.S. 47:1576 except after he has filed a petition with the board of tax appeals for a redetermination of the assessment, and except when there is pending against him a suit involving the same tax obligation; and provided further, that the fact that the collector has initiated proceedings under the assessment and distraint procedure will not preclude him from thereafter proceeding by summary or ordinary court proceedings for the enforcement of the same tax obligation.”
 

 Whereupon, this proceeding was instituted, accompanied by similar rules against other members of respondents’ family which were consolidated with this case below for purposes of trial. In resisting the demand, respondents filed pleas to the jurisdiction and of prematurity, an exception of no right or cause of action and alternatively pleaded that R.S. 47:1561 and R.S. 47:1574 were unconstitutional.
 

 After a hearing, the district judge sustained the plea of prematurity in each case and dismissed the rules. The Collector then took separate appeals which the different respondents answered, praying that each judgment be amended so as to also sustain the exceptions of no right or cause of action and, in the alternative, the pleas of unconstitutionality. The appeals were consolidated here and have been argued and submitted for our decision. As all the cases present the same questions, the ruling herein will govern the others.
 

 The theory of respondents’ plea of prematurity is that the above quoted provisions of R.S. 47:1561, conferring upon the Collector the discretion of pursuing any one of the three remedies stated therein for the collection of taxes due, do not apply to the collection of State income taxes for the reason that R.S. 47:1562 through 47:-1565 make it mandatory that any claimed deficiency of such taxes be first assessed by the Collector and thus afford the taxpayer the right of appealing to the Board of Tax Appeals.
 

 The district judge, in maintaining the plea, held that three steps were required in the matter of taxation, viz., (1) the levy of a tax; (2) its assessment and (3) procedure for'its collection. He declared that the income tax law (R.S. 47:21-47:285)
 
 *989
 
 levied the tax which is “assessed” by the taxpayer himself in his return and report to the tax collector but that, in cases in which an individual having a tax liability fails to file a report or makes an incorrect one, the “assessment” is then made by the Collector of Revenue. From this predicate, the judge concluded that an assessment is mandatory in all cases; that, if the taxpayer fails to make a return or files an incorrect return, the Collector may “determine” the amount due and formally assess the tax and that, until an assessment is made, any action to collect the tax is premature. This ruling is substantially in accord with the contentions of respondents.
 

 We think these postulations unsound. A review of various cases and commentaries on the general law of taxation discloses that an assessment of a tax is not generally required as a condition precedent to the collection of excises as distinguished from ad valorem taxes.
 
 [4]
 

 Section 649 of Vol. 51, Am.Jur. “Taxation” declares that, in the case of most excises, no formal assessment of the tax is necessary, the obvious reason being that a person enjoying certain privileges, such as engaging in an occupation which is taxed, becomes ipso facto subject thereto and, when he fails to pay it, it may be collected from him by appropriate court process. Most authorities also agree on the general proposition that the state legislatures may prescribe what shall be essential in tax collection proceedings (51 Am. Jur. “Taxation” Section 980; 84 C.J.S. Taxation § 640) because laws regulating the collection of taxes are sui generis and constitute a system to which general provisions of the law have little, if any, relevance. 84 C.J.S. Taxation § 640. In Louisiana, Section 1 of Article 10 of the Constitution LSA, vests the power of taxation in the Legislature which power shall never be surrendered, suspended or contracted away.
 

 R.S. 47:1561, in clear and express terms, vests in the Collector the right, at his option, to proceed summarily under R.S. 47 :- 1574 for the collection of any taxes due under the various chapters of Sub-title 2 of Title 47 “Revenue and Taxation” which includes income taxes.
 
 [5]
 
 Nevertheless, counsel for respondents profess that R.S. 47:1561 is
 
 *991
 
 not operative as to collection of income taxes for the. reason that a formal assessment by the Collector for an income tax deficiency is essential in all cases before suit can be filed for their collection. In support of the contention, they rely on the provisions of R.S. 47:1562-1565.
 

 The statutes depended on by counsel do not sustain their position. R.S. 47:1562 provides, in substance, that, when a taxpayer “ * * * fails to make and file any return or report required by the provisions of this Sub-title, or if the return or report made and filed does not correctly compute * * * ” the taxpayer’s liability, the Collector shall make an investigation or examination to determine the tax, penalty and interest due or shall determine the tax, penalty and interest due by estimate or otherwise; that, when he determines the tax, he shall mail a notice setting out the determination and informing the taxpayer of his purpose to assess the amount determined, after 30 days from the date of the notice.
 

 R.S. 47:1563 declares that the taxpayer may, within 30 days from the date of the notice provided in R.S. 47:1562, make a protest in writing which the Collector shall consider and may grant a hearing thereon before making a final determination of the tax, penalty and interest due.
 

 R.S. 47:1564 provides that, after the expiration of the 30-day notice, the Collector shall proceed to assess the tax, penalty and interest that he determines to be due under the provisions of any Chapter of Sub-title 2; that the assessment shall be evidenced in writing and set forth certain data and that this writing shall be retained as part of the Collector’s official records.
 

 R.S. 47:1565 prescribes that, when the Collector has made his assessment, he shall send by registered mail a notice to the taxpayer, informing him of the assessment and stating that he has 60 calendar days from the date of the notice within which either to pay the amount of the assessment or to appeal to the Board of Tax Appeals for a redetermination of the assessment; that if, after the expiration of this delay, an appeal has not been filed with the Board of Tax Appeals “ * * *
 
 the assessment shall be final and shall be collectible by distraint and sale
 
 as hereinafter provided * * * ” and that if the appeal to the board of tax appeals for a redetermination has been filed “ * * *
 
 the assessment shall not be collectible by distraint and sale
 
 until such time as the assessment has been redetermined or affirmed by the board of tax appeals or the court whidi last reviews the matter”. (Italics ours.)
 

 A reading of R.S. 47 ¡1562-1565 reveals two things. First, that those provisions have no special relevance to income taxes, as defense counsel apparently contend, but rather are of general application
 
 *993
 
 to all excises levied under Sub-title 2 of Title 47, for which a taxpayer is required to file a return or report his liability, and has failed to do so, or when he has filed a return and has failed to correctly compute his liability.
 

 Secondly, the various provisions of these Sections, and particularly the language contained in Section 1565, which we have quoted and italicized above, make it abundantly clear that the Sections are applicable only when the Collector seeks enforcement of the collection of the tax by the harsh remedy of distraint and sale of the taxpayer’s property. It is solely in such instances that the law requires formal assessment and notice advising the taxpayer of his right to an appeal to the Board of Tax Appeals, and the tax is not collectible “by distraint and sale” until the Collector has complied with these conditions precedent.
 

 The procedure outlined in R.S. 47:1562-1565 for distraint and sale does not in anywise limit or curtail the right and option given to the Collector by R.S. 47:1561 to collect the taxes claimed due by ordinary or summary process, as provided by law, nor is he required to formally assess the tax when he seeks its collection by suit or rule.
 

 Sections 1561-1581 comprise Part III entitled “Assessment and Collection Procedures” of Sub-title 2 of Title 47 of the Revised Statutes and, being laws in pari materiae, are to be interpreted together. Moreover, it is the well-settled jurisprudence that “The Revised Statutes constitute a single act of the Legislature, adopted as a whole; different sections should be regarded not as separate acts, but as simultaneous expressions of the legislative will, and all provisions should be construed together and reconciled whenever possible”. State ex rel. Fudickar v. Heard, 223 La. 127, 65 So.2d 112, 114. See also Chappuis v. Reggie, 222 La. 35, 62 So.2d 92; Babineaux v. Lacobie, 222 La. 45, 62 So.2d 95; Gandolfo v. Louisiana State Racing Commission, 227 La. 45, 78 So.2d 504; Comegys v. Stanolind Oil & Gas Company, 227 La. 657, 80 So.2d 110; State ex rel. Le Blanc v. Democratic State Central Committee, 229 La. 556, 86 So.2d 192 and Bartley, Incorporated v. Town of Westlake, 237 La. 413, 111 So.2d 328.
 

 The contention of defense counsel that our conclusion in this case should be governed by decisions of the Federal courts in matters involving federal income taxes is not tenable. Section 83 of our income tax statute as originally enacted (see Act 21 of 1934), like similar provisions of the Federal act, prohibited, among other things, the filing of court proceedings for the collection of a deficiency until the expiration of the 90-day period within which the taxpayer could appeal to the Board of Tax Appeals. However, this provision was not retained and reenacted as part of the Revised Statutes. Instead, the Legislature included in
 
 *995
 
 the collection procedure an entirely new provision (R.S. 47:1561) which was undoubtedly designed to facilitate the Department of Revenue in the collection of all excises. In view of the repeal of Section 83 of the original income tax statute, federal adjudications on the matter of procedure are clearly inapposite.
 

 Accordingly, we hold that the pleas to the jurisdiction and prematurity are not meritorious and they are, therefore, overruled. The exception of no right or cause of action, which is founded on the same contentions, is also overruled.
 

 This leaves only for discussion respondents’ alternative plea that R.S. 47:1561 and R.S. 47:1574 are unconstitutional. We note that defense counsel, in their brief, neither argue nor even contend that R.S. 47:1574, providing the summary remedy employed by the Collector in this case, is unconstitutional. As the validity of that statute has heretofore been held invulnerable (see State v. Standard Oil Co. of Louisiana, 188 La. 978, 178 So. 601, cited in Footnote No. 1 of this opinion) we assume that the attack of respondents has been abandoned.
 

 Insofar as the constitutionality of R.S. 47:156l is concerned, it is argued by counsel that the section is invalid because it vests the Collector with the arbitrary power of denying the taxpayer the right of appeal to the Board of Tax Appeals accorded him by Section 1431 et seq. of Title 47 of the Revised Statutes.
 

 We find no substance in the point. R.S. 47:1431 provides that, whenever a taxpayer is aggrieved by an assessment made by the Collector, he may appeal to the board for a redetermination of said assessment. This section obviously applies only to cases in which the Collector must assess a deficiency as a condition precedent to distraint proceedings. In matters filed under R.S. 47 :- 1574, assessment is not a prerequisite.
 

 Counsel next assert that, since R.S. 47:1561 gives the Collector the discretion of pursuing any one of the three alternative remedies therein provided for the collection of taxes, it vests in him legislative powers and, therefore, is violative of Sections 1 and 2 of Article 2 of our Constitution providing that no one of the three Departments of Government shall exercise power properly belonging to either of the others.
 

 There is no merit in this proposition. By providing alternative remedies by which taxes are to be collected by an administrative officer, no legislative power is delegated to the officer. The Legislature provides the remedies; the circumstance that the law gives the administrator a choice of modes of procedure vests no legislative power in him.
 

 
 *997
 
 Finally, counsel say that the discretion given the Collector by Section 1561 of Title 47 deprives the taxpayer of the equal protection of the laws in violation of the Fourteenth Amendment to the Federal Constitution because it vests the Collector with the arbitrary power to determine in any case whether an appeal may be had to the Board of Tax Appeals.
 

 We find difficulty in perceiving any denial of equal protection by reason of the option accorded the Collector to determine whether it is to the best advantage of the State to sue summarily or by ordinary action or to assess and distrain the taxpayer’s property. The taxpayer has no vested procedural right to have his case heard by the Board of Tax Appeals save in instances when the Collector elects to pursue the harsh remedy of distraint, wherein the taxpayer’s property may be seized and sold without any court proceedings whatever. No authority has been cited by counsel to sustain their position, and we know of no case holding that vesting a public officer (or private suitors for that matter) with discretion to pursue one of several statutory remedies, denies to the defendant an equal protection of the law.
 

 The judgment appealed from is reversed and the case is remanded to the district court for further proceedings according to law and consistent with the views herein expressed. The costs of this appeal are to be borne by respondents.
 

 [1]
 

 . This statute, which provides for the collection of excise taxes by summary court proceeding, was declared constitutional in all respects in State v. Standard Oil Co. of Louisiana, 188 La. 978, 178 So. 601.
 

 [2]
 

 . This was computed as $14,553.12 taxes due plus $2619.56 interest to May 15, 1958.
 

 [3]
 

 .This section provides for the payment of the tax claimed to be due under protest and affords the taxpayer the right to institute suit against the Collector for a refund.
 

 [4]
 

 . The statement in Section 647 of Vol. 51, Am.Jur. “Taxation” that there must be an assessment in order to have a valid tax, applies only to ad valorem taxes, as a review of the cases cited in support of the text will reveal.
 

 [5]
 

 . Under R.S. 47:281, dealing with the administration of the income tax law in general, it is provided that all matters per-taming to the administration of the statute shall be governed by the provisions of Chapter 18. R.S. 47:1561, providing the alternative remedies for the collection of taxes under which the Collector is here invoking the summary proceeding authorized by R.S. 47:1574, is the first section under Part 3 of Chapter 18 entitled “Assessment and Collection Procedures”.