FRUGÉ, Judge.
Plaintiff-respondent, the Simmesport State Bank, sought to compel relators, Man-sura State Bank and Anne Scalian Laborde, to appear and produce certain documents under a subpoena and a subpoena duces tecum on an examination of a judgment debtor. Orders were signed by the Court and these subpoenas were issued. Motions were filed to quash the subpoenas. The trial court overruled the motions and ordered the applicants to comply therewith. We granted relators’ application for writs of certiorari to review this ruling.
The pertinent facts are that in a civil suit entitled “Simmesport State Bank v. Noah J. Scalian annd Eulalie Young Scal-lan”, the plaintiff obtained judgment against Noah J. Scalian for the sum of $5,000 on June 23, 1961. Then on August 23, 1961, plaintiff obtained an order of court directing the defendant, Noah J. Scalian, to appear on August 31, 1961, to be examined as a judgment debtor under provisions of 2451 et seq. of the Louisiana Code of Civil Procedure, LSA. In addition to this *392 order directed to the judgment debtor himself, plaintiff secured an order directing defendant’s sister, Mrs. Anne Scallan La-iborde, to appear in court on the same day .and to bring with her the stock certificates evidencing ownership of 20 shares in the Mansura State Bank, which shares of stock were allegedly purchased by Mrs. Anne Scallan Laborde from Noah J. Scallan in June or July of 1961. The order also directed the Mansura State Bank, through its president, Mrs. Anne Scallan Laborde, to appear in court to be examined and to produce in court all of the stock transfer books, as well as a letter submitted by Noah J. Scallan resigning his position as president of the Mansura State Bank, and also certified' copies of the minutes of the board taking action on this resignation, as well as copies of the minutes showing any salary or other remunerations to be received by Noah J. Scallan for any position which he holds with the bank.
On receipt of these subpoenas, Mrs. Anne Scallan Laborde and the Mansura State Bank filed motions to quash and vacate them for the following reasons:
“Mover shows that no case is pending, plaintiff has made no allegations that suit will be filed necessitating the perpetuation of her testimony nor has other necessary allegations been made which warrant the issuance of a subpoena or subpoena duces tecum, that there is no authority, statutory or otherwise which would form the basis for the issuance of said subpoena or subpoenas ; that same were issued improvidently and should therefore be quashed, vacated and rescinded, for the above reasons together with the following reasons:
“1. That the other adverse party was not notified of the issuance of the said subpoena.
“2. That said subpoena issued without the prior payment of the required fees, in violation of Article 1353 of the Louisiana Code of Civil Procedure.”
After hearing, the trial court denied the motions to quash. The trial court cited no authority for its ruling, but simply stated that the general intention of the new Code of Civil Procedure was to “do away with technicalities and splitting of words” and that it thought that it was within the intent, purpose and meaning of the law that the plaintiff could examine under oath not only the judgment debtor himself,, but any third person. The trial court cites C.C.P. Arts. 1353, 1354, 1355, and 1356, relative to subpoenas duces tecum and states that “The crucial question here seems to be that this is hot a hearing, so to speak, because it has issued and is directed after judgment had been signed and granted, and this is a judgment debtor examination, which counsel contends is not a hearing or a trial within the meaning of these Code Articles.” The trial court apparently concluded that the examination of a judgment debtor was a “hearing” and that consequently any person could be issued a subpoena duces tecum under the general laws for subpoenas duces tecum pertinent to trial procedure.
On the merits, the main issue is whether a subpoena and a subpoena duces tecum may be directed to any person other than the judgment debtor himself under the provisions of C.C.P. Arts. 2451 through 2456 which provide for the examination of judgment debtors. It is noted that both C.C.P. Art. 2451 and its source, the former R.S. 13 :4311, provide that the judgment creditor may examine the judgment debtor and his books, papers or documents, but make no mention of the right to examine any person other than the judgment debtor himself. The only substantial change made in the new Code of Civil Procedure is that the examination may be by deposition as well as in open court.
C.C.P. Article 2451 reads as follows:
“In aid of execution the judgment creditor may examine the judgment debtor, his books, papers, or documents, upon any matter relating to his property, either as provided in Article 1421 *393 through ISIS or as provided in Article 2452 through 2456.”
The question, then, is whether or not by referring to Articles 1421 through 1515 of the Code of Civil Procedure, the provisions of Article 2451 of that Code are so enlarged as to permit a judgment creditor to examine the books and records of anyone (although not a party) in the course of the examination of a judgment debtor.
We believe the reference to Code of Civil Procedure Articles 1421 et seq. is made merely for the purpose of giving the judgment creditor the additional convenience of examining a debtor by deposition, whether on oral examination or by written interrogatories.
Since this question has never been squarely decided in Louisiana, we will examine the “Comments” of the redactors of the new Code of Civil Procedure. Comment (b) under C.C.P. Art. 2451 reads as follows:
“(b) The examination of the debtor by deposition represents a change in the Louisiana law. The source provision, Fed.Rule 69(a), was adopted because examination by deposition is less inconvenient, and is no more burdensome than an examination in court.”
It is clear from this comment (as well as from comment (a) under the same article) that there was no intention to do more than provide for greater convenience of the parties by making use of the procedure for depositions rather than confine this remedy to examination in court. Surely had the redactors of the Code of Civil Procedure intended to permit the examination of anyone other than the judgment debtor, or the books and records of any other person, it would have been a simple matter for them to clearly and unequivocally spell out their intentions. Federal Civil Rule 69(a), 28 U.S.C.A. which the redactors drew upon in drafting the present Article 2451 reads as follows:
“In aid of the judgment of execution, the judgment creditor or his successor in interest when that interest appears-of record,, may examine any person,. including the judgment debtor, in the manner provided in these rules for taking depositions or in the manner provided by the practice of the state in which the district court is held.” (Emphasis ours.)
Thus we see that the Federal Rule specifically allows the examination of any person, including the judgment debtor while our state statute allows the examination of the judgment debtor but makes no mention of the right to examine any other person.
It is our opinion that there is applicable here the rule of statutory construction that where our Legislature adopts a new law, using as a source a statute which has already been adopted in another state or by our federal government, and omits provision of said source statute, then it must be construed that the intention of our Legislature was not to adopt the omitted portion. Although we have not found a Louisiana case on this precise point of statutory construction, we have found the following which holds this general rule: Re Walker’s Will, 258 Wis. 65, 45 N.W.2d 94, 23 A.L.R.2d 991; Martin v. American Potash and Chemical Corp., 33 Del.Ch. 234, 92 A.2d 295, 35 A.L.R.2d 1140.
A Louisiana case which is comparable is Collector of Revenue v. Olvey, 238 La. 980, 117 So.2d 563, 568 in which Justice McCa-leb as the organ of the court stated as follows :
“The contention of defense counsel that our conclusion in this case should be governed by decisions of the Federal courts in matters involving federal income taxes is not tenable. Section 83 of our income tax statute as originally, enacted (see Act 21 of 1934), like similar provisions of the Federal act, prohibited, among other things, the filing of court proceedings for the collection of a deficiency until the expiration of *394 the 90-day period within which the taxpayer could appeal to the Board of Tax Appeals. However, this provision was not retained and reenacted as part of the Revised Statutes. Instead, the Legislature included in the collection procedure an entirely new provision (R.S. 47:1561) which was undoubtedly designed to facilitate the Department of Revenue in the collection of all excises. In view of the repeal of Section 83 of the original income tax statute, federal adjudications on the matter of procedure are clearly inapposite.”
Comparable also is the line of Louisiana jurisprudence that where an existing Louisiana statute is amended and the wording of the statute is altered, the Legislature is deemed to have intended a change in the former law on the subject. See Texas Company v. Cooper, 236 La. 380, 107 So.2d 676, and the authorities cited therein.
“The intention of the legislature is first of all to be sought in the words of the statute, taking them in their natural and ordinary sense, and if, as thus read,, they are free from ambiguity and doubt, and express a single, definite, and sensible meaning, there is neither necessity nor justification for resorting to other means of interpretation * * * [citation omitted]. In such a case the language of the act must be taken as meaning exactly what it says.” See McCaffrey, Statutory Construction, page 38. Further supporting this view is Article 5052 of the Louisiana Code of Civil Procedure which reads as follows:
“When the language of an article is clear and free from ambiguity, its letter is not to be disregarded under the pretext of pursuing its spirit.”
In the instant case where the Legislature specifically states that the source of our law for the examination of judgment debtors was Federal Rule 69(a) and then in adopting our law omitted therefrom the specific provision of the Federal Rule which allows the examination of “any person”, it would appear that our Legislature intended to omit this provision as to other persons and therefore necessarily intended to restrict our Louisiana law to examination of the judgment debtor himself.
The trial court simply construed as applicable here the Code of Civil Procedure, Articles 1354 et seq., which provide for the subpoena duces tecum in civil “trials or hearings” and stated that in his opinion the examination of a judgment debtor was a “hearing” and therefore a subpoena duces tecum could be issued to any person. We cannot agree with this conclusion. It is our opinion, the examination of a judgment debtor is a special proceeding for which the Legislature has adopted special rules; it has only provided that the debtor himself and his books, papers, and documents may be examined by this summary proceeding. There is no case presently pending between Simmesport State Bank and Noah J. Scal-lan, judgment having already been obtained. Therefore we are of the opinion that there is no authority under the statutory provisions dealing with Examination of a Judgment Debtor to subpoena witnesses in connection therewith, or to subpoena documents in possession of third parties; that there is no statutory authority under pertinent articles of the Code of Civil Procedure, and particularly those dealing with Deposition and Discovery, to summon third parties as witnesses and/or produce documents in the hands of third parties at an examination of a judgment debtor.
For the reasons stated above it is therefore ordered, adjudged, and decreed that the subpoena directed to Anne Scallan La-borde and the subpoenas duces tecum directed to Anne Scallan Laborde and the Mansura State Bank, which were issued by the trial court are hereby quashed and the trial court’s order directing the issuance of said subpoenas is rescinded and vacated.