STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-510 consolidated with 11-512


JEFFERSON DAVIS PARISH SCHOOL BOARD THROUGH SALES/USE
TAX DEPT.

VERSUS

LOUISIANA MACHINERY RENTALS, LLC

consolidated with

JEFFERSON DAVIS PARISH SCHOOL BOARD THROUGH SALES/USE
TAX  DEPT.

VERSUS

LOUISIANA MACHINERY COMPANY, LLC



**********

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. C863-10 consolidated with C864-10
HONORABLE CRAIG STEVE GUNNELL, DISTRICT JUDGE

**********

**JOHN D. SAUNDERS**
**JUDGE**

**********

Court composed of John D. Saunders, J. David Painter, and James T. Genovese,
Judges.


AFFIRMED.


**Pamela Roman Mascari**
**Kean, Miller, LLP**
**P. O. Box 3513**
**Baton Rouge, LA 70802**
**(225) 387-0999**
**Counsel for Defendant/Appellant:**
**Louisiana Machinery Rentals, LLC**
**Louisiana Machinery Company, LLC**

**Drew M. Talbot**
**Rainer, Anding & McLindon**
**8480 Bluebonnet Blvd., Suite D**
**Baton Rouge, LA 70810**
**(225) 766-0200**
**Counsel for Plaintiff/Appellee:**
**Jefferson Davis Parish School Board through Sales and Use Tax Department**

**SAUNDERS, Judge.**

This is a tax collection case. The tax collector properly followed the procedure outlined in La.R.S. 47:337.51 and issued two dealers with notices of assessment. Neither dealer responded to the assessment within sixty days or at the administrative level.

The tax collector then filed a rule to show cause in a summary sales and use tax proceeding in the trial court. There, the two dealers attempted to challenge the assessments on the merits and through exceptions. The trial court found that these challenges were not allowed under La.R.S. 47:337.51, as the assessments were final. The dealers have appealed. We affirm.

## FACTS AND PROCEDURAL HISTORY:

Louisiana Machinery Rentals, LLC (LMR) and Louisiana Machinery Company, LLC (LMC) were audited by the Jefferson Davis Parish School Board (tax collector) for the period of December 1, 2003 through June 30, 2007. The audits revealed a substantial sales and/or use tax deficiency.

The tax collector, in conformity with La.R.S. 47:337.48, issued to both LMR and LMC a separate 30 Day Notices of Intent to Assess. Neither LMR nor LMC responded to these notices.

After thirty days had elapsed, the tax collector, as required by La.R.S. 47:337.51, issued both LMR and LMC a separate Notices of Assessment 60-day Notice – La.R.S. 47:337.51 REVISED. The assessments were issued on July 2, 2010, and were received by both LMR and LMC. Neither requested, as was its right under La.R.S. 47:337.51, a hearing to raise any factual or legal objections to the assessments.

On October 25, 2010, the tax collector filed two separate petitions for rules to show cause in summary sales and use tax proceeding against each LMR and

LMC. Both responded to the petitions by filing various exceptions and raising various arguments contesting the validity of the assessments both factually and legally. At the hearing on both rules, the trial court refused to hear these exceptions and arguments due to the assessment being final. As such, the trial court issued separate judgments, both denying exceptions raised by LMR and LMC and both granting the tax collector's motions for partial summary judgment against each for the amounts specified in each assessment. Both LMR and LMC have appealed. The appeals were consolidated, with LMR and LMC raising the following assignments of error.

**ASSIGNMENTS OF ERROR:**

1. The Trial Court erred in precluding LMR[] and LMC's defenses to the assessment of sales and use tax where the assessments were not "final" in the sense that they could not be defended, whether by exception or on the merits, in a summary rule to collect sales tax;

2. The Trial Court erred in pretermitting and failing to sustain LMR's peremptory exception of improper party defendant where LMR never engaged in any business or taxable transactions within the parish;

3. The Trial Court erred in pretermitting and failing to sustain LMC[] and LMR's peremptory exceptions of prescription where the Tax Collector's claims against LMC and LMR had prescribed before the tax was assessed; and

4. The Trial Court erred in granting partial summary judgments in favor of the Jefferson Davis Tax Collector and against LMC and LMR for sales tax, penalty[,] and interest allegedly due where (i) the motions for partial summary judgment were not authorized by the procedure governing summary rules to collect sales tax; (ii) the affidavits of the Jefferson Davis Tax Collector were not based upon personal knowledge and consisted of hearsay testimony and the motions for summary judgment did not contain certified or sworn copies of the documents referenced in the affidavits by reference to the Petitions; (iii) the Tax Collector failed to present evidence of essential elements of his claim – the existence of a contract with a private auditing firm and that the contract was approved by a majority of the taxing authorities within the parish; and (iv) a genuine issue of material fact exists as to the amount of tax (and penalty and interest) due.

2

## ASSIGNMENT OF ERROR NUMBER ONE:

LMR and LMC'S first assignment of error is that the trial court erred in precluding their defenses to the assessment of sales and use tax where the assessments were not "final" in the sense that they could be defended, whether by exception or on the merits, in a summary rule to collect sales tax. We find no merit in this assignment of error.

Louisiana Revised Statutes 47:337.51 states:

A. Having assessed the amount determined to be due, the collector shall send a notice by certified mail to the taxpayer against whom the assessment is imposed at the address given in the last report filed by said taxpayer, or to any address obtainable from any private entity which will provide such address free of charge or from any federal, state, or local government entity, including but not limited to the United States Postal Service or from the United States Postal Service certified software. If no report has been timely filed, the collector shall send a notice by certified mail to the taxpayer against whom the assessment is imposed at any address obtainable from any private entity which will provide such address free of charge or from any federal, state, or local government entity, including but not limited to the United States Postal Service or from the United States Postal Service certified software. This notice shall inform the taxpayer of the assessment and that he has thirty calendar days from the date of the notice to (a) pay the amount of the assessment; (b) request mandatory arbitration pursuant to R.S. 47:337.51.1 or; (c) pay under protest in accordance with R.S. 47:337.63 and file suit as provided for in that Section or request mandatory arbitration pursuant to R.S. 47:337.51.1.

B. If any dealer shall be aggrieved by any findings or assessment of the collector, he may, within thirty days of the receipt of notice of the assessment or finding, do any of the following:

(1)(a) File an appeal from the decision of the collector directed to any state, city, or federal court of competent jurisdiction.

(b) Pay under protest in accordance with R.S. 47:337.63, and either file suit as provided for in that Section, or make a written request for mandatory arbitration pursuant to R.S. 47:337.51.1.

(c) Mail a written request for mandatory arbitration pursuant to R.S. 47:337.51.1 without payment under protest.

(2) This Section shall afford a legal remedy and right of action in any state, city, or federal court having jurisdiction of the parties and subject matter for a full and complete adjudication of any and all questions arising in the enforcement of the local ordinance and this Chapter as to the legality of any tax accrued or accruing or the method of enforcement thereof.

C. (1) No assessment made by the collector shall be final if it is determined that the assessment was based on an error of fact or of law. An "error of fact" for this purpose means facts material to the assessment assumed by the collector at the time of the assessment to be true but which subsequently are determined by the collector to be false. "Error of law" for this purpose means that in making the assessment the collector applied the law contrary to the construction followed by the collector in making other assessments.

(2) The determination of an error of fact or of law under this Subsection shall be solely that of the collector, and no action against the collector with respect to the determination shall be brought in any court, and no court shall have jurisdiction of any such action, it being the intent of this Subsection only to permit the collector to correct manifest errors of fact or in the application of the law made by the collector in making the assessment; however, all reductions of assessments based on such errors, except estimated assessments made due to the failure of the taxpayer to file a proper tax return, must be approved and signed by the collector. Estimated assessments made due to the failure of the taxpayer to file a proper tax return may be corrected by the acceptance of the proper tax return and must be approved by the collector or his designee.

"When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." La.Civ.Code art. 9. We find the language of La.R.S. 47:337.51(B) to be clear. A dealer, here both LMR and LMC, has three avenues it could take once it receives an assessment: file an appeal to the assessment, pay the assessment under protest, or simply pay the assessment. Each avenue requires the dealer to take action once it receives an assessment. If no action is taken by the dealer, the assessment becomes final. This interpretation is consistent with this court's finding in *Lafayette Parish School Board v. Simmons*, 09-926, p. 1 (La.App. 3 Cir. 3/17/10), 33 So.3d 973, 974,

4

wherein it stated, "the School Board's Sales and Use Tax Collection Division issued a Notice of Assessment in accordance with La. R.S. 47:337.51, which required action on the part of the defendants within sixty days. A failure to act within the sixty day period results in a final enforceable assessment."

In the case before us, neither LMR nor LMC took any action on the administrative level once either received its notice of assessment. Thus, as the trial court correctly found, the assessment was final, and both were precluded from raising defenses, whether by exception or on the merits, in a summary rule to collect sales tax. Accordingly, we find no error by the trial court in its judgment.

## ASSIGNMENTS OF ERROR NUMBERS TWO, THREE, AND FOUR:

LMR and LMC's remaining assignments of error all are predicated on their ability, post final assessments, to contest that assessment made by the tax collector. In order to find merit in LMR and LMC's arguments raised in the remaining assignments of error requires this court to make interpretations of law that are improper and, further, would be in conflict with our finding in assignment of error number one. Our finding in that assignment that the trial court properly deemed the assessment as final pretermits adjudication of whether LMR's peremptory exception of improper party defendant was proper, whether LMR and LMC's peremptory exceptions of prescription were proper, and whether the trial court erred in granting partial summary judgments in favor of the tax collector and against LMR and LMC. Both LMR and LMC had a right to present these exceptions, evidence, and arguments through clearly expressed options under La.R.S. 47:337.51. They failed to do so.

## CONCLUSION:

Louisiana Machinery Rentals, LLC and Louisiana Machinery Company, LLC raise four assignments of error. First, they contend that the trial court erred in

5

precluding their defenses to the assessment of sales and use tax where the assessments were not final in the sense that they could not be defended, whether by exception or on the merits, in a summary rule to collect sales tax. We find that the procedure delineated in La.R.S. 47:337.51 is clear, and that neither Louisiana Machinery Rentals, LLC nor Louisiana Machinery Company, LLC followed that procedure. Accordingly, the tax assessment against them was final. This finding precludes adjudication of their remaining assignments of error. Thus, we affirm the trial court's ruling in its entirety. All costs of these proceedings are assessed to Louisiana Machinery Rentals, LLC and Louisiana Machinery Company, LLC.

**AFFIRMED.**