SUSAN M. CHEHARDY, Judge.
|PThis appeal arises out of a rule for taxes filed by Newell Normand, Sheriff and Ex-Officio Tax Collector for the Parish of Jefferson (“the Sheriff’). The Sheriff appeals a judgment that dismissed the proceeding for failure to comply with statutory procedures. We reverse and render.
On July 27, 2010, the Sheriff filed a summary proceeding (“rule for taxes”) against Nick Randazzo and Gretna Career College, Inc. (collectively referred to as “GCC”) to recover delinquent sales and use taxes, pursuant to La. R.S. 47:337.45 and 47:337.61. The Sheriff alleged that GCC had failed to pay taxes totaling $34,737.49 for the period “from January 2008.”[1] The Sheriff sought the amount of the taxes plus interest, penalties, attorney’s fees and costs. The Sheriff also sought an injunction to prohibit the defendants from operating the business until the delinquent taxes and other amounts have been paid in full.
GCC filed an answer denying it engaged in transactions that require it to collect and pay over to the Sheriff sales and use taxes. The answer also raised several affirmative defenses and incorporated an exception of prematurity. The exception of prematurity pertained to the Sheriffs request for an injunction to prevent GCC from operating pending payment of the delinquent tax debt.
|sThe rule for taxes was tried on November 8, 2010. The district court denied the exception of prematurity from the bench.
Counsel for the Sheriff acknowledged that he had the burden of proof. The Sheriff asserted that books, uniforms and equipment provided to students at GCC were items for which sales tax is owed. GCC contended the books, uniforms and equipment are included in the tuition and are not sold separately. After testimony from several witnesses and introduction of documentary evidence, the court took the case under advisement and allowed the parties to file post-trial memoranda.
On January 10, 2011 the court rendered a judgment in favor of GCC, finding that “plaintiff failed to properly notice defendants of their rights and remedies with the April 6, 2010 letter as outlined in La. R.S. 47:337.51(A).”
In reasons for judgment that were incorporated into the judgment, the court stated,
LA. R.S. 47:337.61 provides for the collection of taxes by summary proceeding on behalf of the tax collector and LA R.S. 47:337.51 outlines the proper notification that must be sent to the tax payer. Defendants argue that plaintiff failed to comply with LA R.S. 47:337.51 and did not allow the defendants the time frame allowed by statute to exercise the rights and remedies available to them before plaintiff filed this rule for taxes.
On November 30, 2009 plaintiff sent a “Notice of Delinquent Taxes Proposed *709 Assessment” letter to defendants.... It gave defendants 30 days to file a ■written protest and also allowed for a hearing if defendant so desired.
On December 28, 2009 defendants sent a protest letter to plaintiff and requested a hearing. However, on December 29, 2009, a day before defendants’ 30 day period expired, plaintiff sent a “Notice of Delinquent Taxes Formal Assessment” letter to defendants .... The letter informed defendant that the notice was being mailed in accordance with LA-R.S. 47:337.51 and that defendant had 60 days from the date of the notice to a) pay the amount of the assessment; b) request a hearing 14with the collector or; c) pay under protest pursuant to LA-R.S. 47:337.63. If defendant did not take any of these actions within 60 days the assessment would become final.
Although plaintiff argued that defendants’ protest letter dated November [December] 28, 2009 wasn’t “under oath,” they agreed to hold a hearing with the collector on January 25, 2010. After a hearing, the collector sent a letter to defendant on April 6, 2010 ... advising him that the findings of the audit would remain un-adjusted. It further advised defendant that, “All rights and remedies afforded to you are outlined in the Formal Assessment dated December 29, 2009.”
Defendant argues that he was not given sufficient time to exercise his statutory rights and remedies, since at the time the April letter was received, the 60 days from the December 29, 2009 letter had expired.
This court finds that plaintiff failed to properly notice defendants of their rights and remedies with the April 6, 2010 letter as outlined in LA R.S. 47:337.51(A). Therefore, the assessment never became final.
The Sheriff has appealed, raising two assignments of error:
(1) The district court erred by rejecting the Sheriffs tax claim based on a finding that he failed to notify GCC of rights and remedies as provided by La. R.S. 47:337.51(A); and
(2) The district court erred by failing to grant judgment in favor of the Sheriff against GCC for the full amount of the tax claim, together with interest, penalties, attorney fees and costs.
LAW AND ANALYSIS
La. R.S. 47:337.45 provides several alternative remedies for the tax collector to recover delinquent taxes:
(1) Assessment and distraint, as provided in R.S. 47:337.48 through 337.60.
(2) Summary court proceeding, as provided in R.S. 47:337.61.
U(3) Ordinary suit under the provisions of the general laws regulating actions for the enforcement of obligations.
La. R.S. 47:337.45(A).
“The collector may choose which of these procedures he will pursue in each case, and the counter-remedies and delays to which the taxpayer will be entitled will be only those which are not inconsistent with the proceeding initiated by the collector....” La. R.S. 47:337.45(B). “[T]he fact that the collector has initiated proceedings under the assessment and dis-traint procedure will not preclude him from thereafter proceeding by summary or ordinary court proceedings for the enforcement of the same tax obligation.” Id.
The Sheriff contends he is not required to comply with La. R.S. 47:337.51 as a condition precedent to the enforcement and collection of sales taxes by a *710 summary proceeding pursuant to La. R.S. 47:837.45 and 47:887.61.
In opposition to the appeal, GCC asserts that the Sheriffs failure to file the affidavit required by La. R.S. 47:1574 caused the burden of proof to shift from the defendant to the plaintiff. Hence, the case is in a different procedural posture from most tax-collection cases.
La. R.S. 47:337.51(A) provides that the tax collector must notify the taxpayer of his remedies. The statute specifically states that the notice from the tax collector “shall inform the taxpayer of the assessment and that he has sixty calendar days from the date of the notice to (a) pay the amount of the assessment; (b) request a hearing with the collector; or (c) pay under protest in accordance with R.S. 47:337.63.”
GCC asserts that because the Sheriff did not provide that notice, the trial court correctly found that the assessment, which is the basis for the rule for taxes, | (¡never became final. GCC contends the Sheriff failed to meet the burden of proof at trial.
GCC does not argue that the notice requirement of La. R.S. 47:337.51(A) is a condition required before the tax collector can seek summary relief. GCC asserts, however, that in this case “the collector began with the assessment method and used the alleged ‘formal assessment’ as the basis for the summary proceeding; therefore, the tax collector could not simply disregard the notice requirement and file a summary rule for collection.”
“[L]aws regulating the collection of taxes are sui generis and comprise a system to which general provisions of the law have little, if any, relevance.” Mallard Bay Drilling, Inc. v. Kennedy, 2004-1089, p. 22 (La.6/29/05), 914 So.2d 533, 549.
Here, the district court erroneously linked the notice provisions of La. R.S. 47:337.51(A) with the alternative summary proceeding tax enforcement remedy of La. R.S. 47:337.61. La. R.S. 47:337.51(A) is applicable only to the assessment and dis-traint tax enforcement remedy. The district court cited no authority for its conclusion that a taxpayer must be given notice pursuant to La. R.S. 47:337.51(A) before the tax collector seeks or obtains relief by summary proceeding under La. R.S. 47:337.61.
Rather, La. R.S. 47:337.45(B) expressly grants the tax collector the right and discretion to enforce and collect sales and use taxes by summary proceeding, notwithstanding the requirements applicable to the assessment and distraint remedy, even when the collector has initiated assessment and distraint procedures.
The trial court’s interpretation of the availability of relief under La. R.S. 47:337.61 as dependent upon compliance with the notice requirements of La. R.S. 47:337.51(A) is inconsistent with the statutory classification of the summary 17proceeding as an “alternative” remedy in “addition to any other procedure” for the enforcement and collection of sales and use taxes.
In Collector of Revenue v. Olvey, 238 La. 980, 117 So.2d 563 (1959), our supreme court considered and rejected the argument that the availability of a tax collector’s summary proceedings remedy is conditioned upon compliance with the procedures for making a formal assessment. The statutes considered in Olvey were substantially similar to those under consideration in this case. The Olvey court found,
The procedure outlined in R.S. 47:1562-1565 for distraint and sale does not in anywise limit or curtail the right and option given to the Collector by R.S. 47:1561 to collect the taxes claimed due *711 by ordinary or summary process, as provided by law, nor is he required to formally assess the tax when he seeks its collection by suit or rule.
117 So.2d at 567-.
Similarly, in Collector of Revenue v. Frost, 240 La. 1067, 127 So.2d 151 (1961), our supreme court found that the statute providing for a summary proceeding to enforce and collect taxes, La. R.S. 47:1574, did not require a prior assessment.
If a prior assessment is unnecessary to a tax collector employing summary proceedings, then compliance with the notice provisions applicable to a formal assessment cannot be a condition precedent.
We note, further, the district court erred in considering GCC’s defense challenging the Sheriffs right to file the rule for taxes on the basis that he deprived GCC of administrative rights under La. R.S. 47:337.51 applicable to a formal assessment. That defense was raised not in GCC’s answer or exception, but in its post-trial memorandum. That violated the requirement of La. R.S. 47:337.61(2), which states:
All defenses, whether by exception or to the merits, made or intended to be made to any such claim, Rmust be presented at one time and filed in the court of original jurisdiction prior to the time fixed for the hearing, and no court shall consider any defense unless so presented and filed.
Accordingly, the trial court erred in ruling in favor of the defendants. Instead, the court should have ruled in favor of the Sheriff.
The audit report establishes that the principal amount of the sales taxes owed by GCC for the relevant tax periods is $20,284.61. In addition, the audit report showed that GCC owes penalties in the amount of $5,175.47. Accrued interest through the date of the report was $7,654.69, and interest continues to accrue on the unpaid tax balance at the rate of one percent per month. Thus, the total accrued interest through April 2011 is $10,909.23.
The Sheriff also is entitled to recover attorney’s fees at the rate of 10% of the principal amount of taxes, and upon penalties and interest, under La. R.S. 47:337.13.1(A)(2). The Sheriff seeks additional attorney’s fees for the work on this appeal, as well an award for all costs.
GCC presented no evidence challenging the accuracy of the Sheriff’s audit report, nor did GCC object to the introduction of the audit report in evidence. Both the auditor who performed the audit and the Sheriff’s audit manager testified to and substantiated the findings.
GCC argued that its transfers of books, uniforms, equipment and supplies are components of a charge for educational services. The uncontradicted evidence is that transactions charging students for books, uniforms, equipment and supplies are accounted for separately from tuition and education services. Hence, the fees GCC charges its students are in substance a “sales price,” pursuant to La. R.S. 47:301(A)(13)(a).
|9The district court should have rendered judgment in favor of the Sheriff for the taxes, penalties, interest, together with continuing interest, attorney’s fees, and costs.
La. R.S. 47:337.13.1 provides for payment of attorney fees when private counsel is hired to collect taxes, as follows in pertinent part:
A. (1) The local collector is authorized to employ private counsel to assist in the collection of any taxes, penalties, or interest due under this Subtitle, or to *712 represent him in any dispute, contest, or other controversy involving the determination of sales and use tax due, or in any other proceeding under this Subtitle....
(2) If any taxes, penalties, or interest due and final under this Subtitle are referred to an attorney at law for a collection action, an additional charge for attorney fees, in the amount of ten percent of the taxes, penalties, and interest due, except with respect to amounts timely paid under protest with a return that is not delinquent, ... shall be paid by the taxpayer to the local collector; provided, however, that the amount paid for attorney fees shall be subject to the discretion of the court as to reasonableness.
(3) A taxpayer shall not be subject to the payment of attorney fees unless the local collector is the prevailing party entitled to reimbursement of attorney fees and costs as provided for in Subsection B of this Section.
B. (1) Except as otherwise provided for in Paragraph (3) of Subsection A of this Section, the prevailing party in a dispute, contest, or other controversy involving the determination of sales and use tax due shall be entitled to reimbursement of attorney fees and costs, not to exceed ten percent of the taxes, penalties, and interest at issue, unless the position of the non-prevailing party is substantially justified. The prevailing party is defined as the party which has substantially prevailed with respect to the amount in controversy or substantially prevailed with respect to the most significant issue or set of issues presented. A position is substantially justified if it has a reasonable basis in law and fact. The reimbursement amount for attorney fees and costs shall be subject to the discretion of the court as to reasonableness.
| Tn“A taxpayer must clearly, unequivocally, and affirmatively establish his entitlement to a tax exemption provided by law.” Mallard Bay Drilling, Inc. v. Kennedy, 2004-1089, p. 15 (La.6/29/05), 914 So.2d 533, 545.
DECREE
Considering the foregoing, the judgment is reversed.
Judgment hereby is rendered in favor of the plaintiff, Newell Normand, Sheriff and Ex-Officio Tax Collector for the Parish of Jefferson, and against the defendants, Nick Randazzo and Gretna Career College Inc., in the principal amount of $20,284.61, together with penalties in the amount of $5,175.47, interest accrued through April 2011 in the amount of $10,909.23 and continuing to accrue thereafter on the principal sum at the rate of 1% per month until paid, and attorney’s fees in the amount of 10% of the total principal, penalties and interest, and for all costs. In addition, the plaintiff is awarded additional attorney’s fees of $2,500.00 for this appeal.

REVERSED AND RENDERED

. Subsequent pleadings and the evidence adduced at trial established that the period for which taxes are sought is from January 1, 2005 through June 30, 2008.