# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 12-259

**LASALLE PARISH SCHOOL BOARD, ET AL.**

**VERSUS**

**LOUISIANA MACHINERY RENTALS, LLC**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWENTY-EIGHTH JUDICIAL DISTRICT COURT
PARISH OF LASALLE, NO. 37,447
HONORABLE J. CHRISTOPHER PETERS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**OSWALD A. DECUIR**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, and Oswald A. Decuir, and Marc T. Amy, Judges.

**AFFIRMED.**

**Robert R. Rainer**
**Drew M. Talbot**
**Rainer, Anding & McLindon**
**8480 Bluebonnet Boulevard, Suite D**
**Baton Rouge, LA 70810**
**(225) 766-0200**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
    **Lasalle Parish School Board**
    **Town of Olla**
    **Town of Jena**

**Jesse R. Adams, III**
**Andre B. Burvant**
**Kathryn S. Friel**
**Matthew A. Mantle**
**Jones, Walker, Waechter, Poitevent,**
  **Carrère & Denègre, L.L.P.**
**201 St. Charles Avenue, 51ST Floor**
**New Orleans, LA 70170**
**(504) 582-8000**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    Louisiana Machinery Rentals, LLC

**DECUIR, Judge.**

In this tax collection case, Louisiana Machinery Rentals, LLC (LMR), appeals a partial summary judgment enforcing the assessment of the taxing authorities. The taxing authorities, through their designated collector, answered the appeal seeking sanctions against LMR for filing a frivolous appeal.

## FACTS AND PROCEDURAL HISTORY

LMR is the franchise dealer for Caterpillar. As such, LMR sold, leased and repaired CAT equipment in LaSalle Parish. Through intergovernmental agreements, the LaSalle Parish School Board, the Town of Jena, and the Town of Olla (Plaintiffs) designated the Concordia Parish School Board (Collector) as their sales and use tax collector.

The Collector commissioned an audit of LMR for the Plaintiffs for the period December 1, 2000 through June 30, 2007. The audit revealed deficiencies in LMR's collection of sales and use taxes. The Collector sent LMR a notice of intent to assess. LMR did not respond to the notice. The Collector issued a notice of assessment on December 24, 2009. LMR declined to respond to the notice, electing to instead send additional audit documentation. The Collector accepted this informal proffer and issued a notice of assessment-extension on February 22, 2010. LMR did not formally respond, instead sending more documentation to the auditors. Based on this additional information, the Collector substantially reduced its assessment and issued a notice of assessment-extension on April 26, 2010. LMR again failed to respond. On June 25, 2010, the Collector initiated these proceedings.

LMR filed a pleading entitled "Exceptions and Incorporated Memorandum, Affirmative Defenses, and Answer to Rule for Payment of Sales Tax" and the case was continued. The Collector filed a supplemental and amending petition. LMR

urged several dilatory, declinatory and peremptory exceptions, along with numerous affirmative defenses. The Collector filed peremptory exceptions of lack of subject matter jurisdiction and peremption and filed a motion for partial summary judgment.

By agreement of the parties, a hearing was held only on the motion for partial summary judgment. The district court found that the April 26, 2010, assessment was final and granted partial summary judgment in favor of the Collector. LMR appealed and the Collector answered seeking sanctions for frivolous appeal.

## DISCUSSION

LMR assigns three errors by the trial court. LMR first alleges that the trial court erred in not finding that the notice of assessment-extension did not comply with the notice requirements of the assessment and distraint provisions of La.R.S. 47:337.51. LMR next alleges that the trial court erred in failing to consider its exception of prescription. Finally, LMR alleges that the trial court erred in granting the motion for partial summary judgment because the affidavit was not based on personal knowledge and there are genuine issues of material fact in dispute. We will consider all three assignments together because they are factually and legally intertwined.

The foundation for our analysis of this case lies in the three remedies available to the tax collector to enforce its assessment. La.R.S. 47:337.45(A) provides that the tax collector may utilize the assessment and distraint procedure outlined in La.R.S. 47:337.48 through La.R.S. 47:337.60, may proceed by summary court procedure under La.R.S. 47:337.61, and may proceed by ordinary suit for enforcement of obligations. "The collector may choose which of these procedures he will pursue in each case, and the counter-remedies and delays to

which the taxpayer will be entitled will be only those which are not inconsistent with the proceeding initiated by the collector. . . ." La.R.S. 47:337.45(B). "[T]he fact that the collector has initiated proceedings under the assessment and distraint procedure will not preclude him from thereafter proceeding by summary or ordinary court proceedings for the enforcement of the same tax obligation." *Id*.

Building on this foundation, we will address LMR's contention that the trial court erred in failing to find that the notice of assessment-extension did not comply with the assessment and distraint provisions of La.R.S. 47:337.51(A). LMR argues that this determination will clear the way for it to assert its other defenses.

The fifth circuit has recently addressed this argument in *Normand v. Randazzo*, 11-308, pp. 5-7 (La.App. 5 Cir. 12/28/11), ___ So.3d ___, ___, *writ denied,* 12-285 (La. 4/9/12), ___ So.3d ___, as follows:

> The Sheriff contends he is not required to comply with La.R.S. 47:337.51 as a condition precedent to the enforcement and collection of sales taxes by a summary proceeding pursuant to La.R.S. 47:337.45 and 47:337.61.
>
> In opposition to the appeal, GCC asserts that the Sheriff's failure to file the affidavit required by La.R.S. 47:1457 caused the burden of proof to shift from the defendant to the plaintiff. Hence, the case is in a different procedural posture from most tax-collection cases.
>
> La.R.S. 47:337.51(A) provides that the tax collector must notify the taxpayer of his remedies. The statute specifically states that the notice from the tax collector "shall inform the taxpayer of the assessment and that he has sixty calendar days from the date of the notice to (a) pay the amount of the assessment; (b) request a hearing with the collector; or (c) pay under protest in accordance with R.S. 47:337.63."
>
> GCC asserts that because the Sheriff did not provide that notice, the trial court correctly found that the assessment, which is the basis for the rule for taxes, never became final. GCC contends the Sheriff failed to meet the burden of proof at trial.
>
> GCC does not argue that the notice requirement of La.R.S. 47:337 .51(A) is a condition required before the tax collector can seek summary relief. GCC asserts, however, that in this case "the collector began with the assessment method and used the alleged 'formal

3

assessment' as the basis for the summary proceeding; therefore, the tax collector could not simply disregard the notice requirement and file a summary rule for collection."

"[L]aws regulating the collection of taxes are *sui generis* and comprise a system to which general provisions of the law have little, if any, relevance." *Mallard Bay Drilling, Inc. v. Kennedy*, 2004-1089, p. 22 (La.6/29/05), 914 So.2d 533, 549.

Here, the district court erroneously linked the notice provisions of La.R.S. 47:337.51(A) with the alternative summary proceeding tax enforcement remedy of La.R.S. 47:337.61. La.R.S. 47:337.51(A) is applicable only to the assessment and distraint tax enforcement remedy. The district court cited no authority for its conclusion that a taxpayer must be given notice pursuant to La.R.S. 47:337.51(A) before the tax collector seeks or obtains relief by summary proceeding under La.R.S. 47:337.61.

Rather, La.R.S. 47:337.45(B) expressly grants the tax collector the right and discretion to enforce and collect sales and use taxes by summary proceeding, notwithstanding the requirements applicable to the assessment and distraint remedy, even when the collector has initiated assessment and distraint procedures.

The trial court's interpretation of the availability of relief under La.R.S. 47:337.61 as dependent upon compliance with the notice requirements of La.R.S. 47:337.51(A) is inconsistent with the statutory classification of the summary proceeding as an "alternative" remedy in "addition to any other procedure" for the enforcement and collection of sales and use taxes.

In *Collector of Revenue v. Olvey*, 238 La. 980, 117 So.2d 563 (1959), our supreme court considered and rejected the argument that the availability of a tax collector's summary proceedings remedy is conditioned upon compliance with the procedures for making a formal assessment. The statutes considered in *Olvey* were substantially similar to those under consideration in this case. The *Olvey* court found,

> The procedure outlined in R.S. 47:1562-1565 for distraint and sale does not in anywise limit or curtail the right and option given to the Collector by R.S. 47:1561 to collect the taxes claimed due by ordinary or summary process, as provided by law, nor is he required to formally assess the tax when he seeks its collection by suit or rule.

117 So.2d at 567.

Similarly, in *Collector of Revenue v. Frost*, 240 La. 1067, 127 So.2d 151 (La.1961), our supreme court found that the statute

4

providing for a summary proceeding to enforce and collect taxes, La.R.S. 47:1474, did not require a prior assessment.

If a prior assessment is unnecessary to a tax collector employing summary proceedings, then compliance with the notice provisions applicable to a formal assessment cannot be a condition precedent.

In this case, the Collector's supplemental and amending petition specifically asserts that the Collector is pursuing summary judgment under the provisions of both La.R.S. 47:337.51 and La.R.S. 47:337.61. Accordingly, LMR's contention that the Collector's motion for partial summary judgment should not have been granted because notice was inadequate must fail because the Collector did not need to use the assessment and distraint provisions in order to pursue summary judgment. The trial court did not err.

We now turn to LMR's contention that the trial court erred in failing to consider its exception of prescription. It is here that the unique nature of tax laws and the availability of multiple remedies interact to bar consideration of LMR's exception.

In *Jefferson Davis Parish School Board v. Louisiana Machinery Rentals, LLC,* 11-510, 11-512, pp. 4-5 (La.App. 3 Cir. 10/5/11), 74 So.3d 1272, 1275-76, *writ denied*, 11-2437 (La. 1/13/12), 77 So. 3d 972, this court said:

> We find the language of La.R.S. 47:337.51(B) to be clear. A dealer, here both LMR and LMC, has three avenues it could take once it receives an assessment: file an appeal to the assessment, pay the assessment under protest, or simply pay the assessment. Each avenue requires the dealer to take action once it receives an assessment. If no action is taken by the dealer, the assessment becomes final. This interpretation is consistent with this court's finding in *Lafayette Parish School Board v. Simmons*, 09-926, p. 1 (La.App. 3 Cir. 3/17/10), 33 So.3d 973, 974, wherein it stated, "the School Board's Sales and Use Tax Collection Division issued a Notice of Assessment in accordance with La.R.S. 47:337.51, which required action on the part of the defendants within sixty days. A failure to act within the sixty day period results in a final enforceable assessment."

In the case before us, neither LMR nor LMC took any action on the administrative level once either received its notice of assessment. Thus, as the trial court correctly found, the assessment was final, and both were precluded from raising defenses, whether by exception or on the merits, in a summary rule to collect sales tax. Accordingly, we find no error by the trial court in its judgment.

In this case, the Collector utilized the assessment and distraint procedure and, therefore, LMR's failure to respond bars it from raising defenses in the trial court. The Collector also utilized the summary proceedings available under the provisions of La.R.S. 47:337.61 rendering LMR's argument in the prior assignment moot. Moreover, the fifth circuit explained:

> That defense was raised not in GCC's answer or exception, but in its post-trial memorandum. That violated the requirement of La.R.S. 47:337.61(2), which states:
>
> > All defenses, whether by exception or to the merits, made or intended to be made to any such claim, must be presented at one time and filed in the court of original jurisdiction prior to the time fixed for the hearing, and no court shall consider any defense unless so presented and filed.

*Normand v. Randazzo*, ___ So.3d at ____. Therefore, LMR cannot raise the notice issue in the La.R.S.47:337.61 summary proceeding because it failed to raise the issue in the trial court. Accordingly, the trial court did not err in failing to consider the exception of prescription.

Finally, we address LMR's contention that the Collectors' affidavit was insufficient to support summary judgment because it was not based on personal knowledge. This argument must also fail. La.R.S. 47:337.61(4) does not require that the affiant have personal knowledge. *W. Baton Rouge Parish Revenue Dept. v. La. Mach. Rentals, LLC,* 11-0711 (La.App. 1 Cir. 3/9/12), ___ So.3d ___. The trial court did not err.

We turn now to the Collector's request for sanctions for frivolous appeal. The basis for this request becomes more clear when we consider the background in

6

this case. The audits in this case, also revealed deficiencies in numerous other parishes, prompting the Collector to issue assessments in multiple jurisdictions. In most cases LMR failed to timely respond to the assessments. Therefore, the various parishes filed summary proceedings against LMR for the collection of taxes, penalties, interest, and related costs. This case is one of several "companion cases" with substantially identical facts and issues of law currently in various stages of litigation. See *Jefferson Davis Parish School Board v. La. Mach. Rentals, LLC,* 74 So.3d 1272; *W. Baton Rouge Parish Revenue Dept. v. La. Mach. Rentals, LLC*, ___ So.3d at ___; *Ascension Parish Sales & Use Tax Auth. v. La. Mach. Rentals, Inc.,* 11-1784 (La.App. 1 Cir. 3/30/12), ___ So.3d ___. While the issues raised by LMR appear repetitive in light of these other cases, the notice issue raised herein had not been previously addressed in this circuit. Accordingly, we decline to sanction LMR in this case.

### DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of these proceedings are taxed to appellant, Louisiana Machinery Rentals, LLC.

**AFFIRMED.**